In Alston v. Hamlin, 19 N.C. 115, it was decided that the act of 1806 (Rev. Code, ch. 50, sec. 12) having been enacted on purpose to exclude all parol evidence of a gift of slaves, necessarily avoids every estoppel by parol which might be set up to defeat its operation. Hence, where the owner of slaves made a parol gift of them to his son-in-law, who bequeathed them to his children, and died, leaving the donor executor of his will and guardian of his children, it was held that the taking possession of the slaves and hiring them out, first as executor and then as guardian, was of no avail to pass the title; and that there was no possession adverse to the donor; and, further, that the statute of limitations did not begin to run against him until he had permitted a division of the slaves among his grandchildren and delivered them over.
The authority of that case has always been acknowledged; and the principle therein established must entitle the present plaintiffs to a judgment on the case agreed, unless the partition of the slaves, made under the decree of the county court of Halifax, shall be deemed sufficient to prevent it. If the plaintiff's testator had been a party to the suit for partition, then he would have been estopped by the record from (496) setting up any title to the slaves. Armfield v. Moore, 44 N.C. 157; Dixon v. Warters, 53 N.C. 449. But his being guardian to the infant petitioners in that suit did not make him a party for the purpose of having any adjudication of his rights. It was his duty, as guardian, to protect the rights of his wards (whatever such rights may be) in the suit for partition between them and their mother. Unless the plaintiffs' testator had been made a party, he could not have any opportunity to assert his title in that suit, and hence he cannot be estopped by any order or decree in it. The division of the slaves which was then made, in pursuance of the decree in the cause, and the possession of the parties which followed it, had the effect to put the statute of limitations in operation; and the testator's title would have been barred had not the present suit been commenced within less than three years from that time.
What will be the effect of the record of partition between the parties thereto when the present plaintiffs shall assent to the legacy, is a question not presented to us, and upon which, therefore, we refrain from expressing any opinion. *Page 319 
As the case now stands, we think the judgment given in the court below upon the case agreed is erroneous, and must be reversed, and a judgment be entered for the plaintiffs.
PER CURIAM. Reversed.
NOTE. — No estoppel of record is created against one not a party to the record. Falls v. Gamble, 66 N.C. 455. See, also, Frey v. Ramsour,66 N.C. 466; Mason v. McCormick, 75 N.C. 263.
Cited: Falls v. Gamble, 66 N.C. 465; George v. High, 85 N.C. 113;Weston v. Lumber Co., 162 N.C. 193.