CARL THAYER, JR., BY HIS NEXT FRIEND, MAMIE G. HALL,
v. CARL THAYER.

(Filed 16 April, 1924.)

**Actions—Residence—Venue—Parent and Child—Infants—Illegitimate Children—Statutes.**

> The residence of an unemancipated illegitimate child is, by the construction of law, that of the mother, and the venue of his action by his next friend on a contract made by his mother and father for his benefit is the county of the residence of his mother, though the child may be living with his grandparents at the time in a different county. C. S., 469.

APPEAL by plaintiff from *Shaw, J.,* at November Term, 1923, of DAVIDSON.

The plaintiff, an illegitimate son, brought suit in Davidson County against the defendant, his putative father, for support and education, under a contract alleged to have been· made by ·the defendant and the plaintiff's mother. The defendant claimed that the plaintiff was a resident of Montgomery County, and on this ground made a motion to remove the cause, and from the clerk's denial of his motion he appealed to the Superior Court. Public Laws, Extra Session 1921, ch. 92, sec. 15. His Honor heard the evidence and found the following facts: The plaintiff lives with his grandfather in Montgomery County; 'he is the illegitimate child of Mamie G. Hall, and is 9 years old; his mother is a resident of Davidson County.

Upon these facts it was held as a matter of law that the plaintiff was a resident of Montgomery, and the cause was removed to this county. The plaintiff excepted and appealed.

*Walser & Walser and Z. I. Walser for appellant.*

ADAMS, J. An action of this character must be tried in the county in which the plaintiff or the defendant resides. C. S., 469. The defendant's residence is in Montgomery County, and if the plaintiff resides there the cause was properly removed; but if the plaintiff is a resident of Davidson County the order of removal was improvidently made.

Domicile is of three kinds—domicile of origin, domicile of choice, and domicile by operation of law. As a general rule, the domicile of every person at his birth is the domicile of the person on whom he is legally dependent, and in case of illegitimacy the domicile of origin that of the mother. A domicile of choice is a place which a person has chosen for himself, but an unemancipated infant, being *non sui juris,* cannot of his own volition select, acquire, or change his domicile. A domicile by operation of law is one which the law determines or attributes to a person, without regard to his intention or the place where he is actually living. It is consequential and usually arises out of legal domestic relations, as that of parent and child, or that of the wife, resulting from marriage.

In accordance with these principles the domicile of a legitimate child during minority, as a general rule, follows that of the father, but the domicile of an illegitimate child is ordinarily governed by that of the mother.

In *Udny v. Udny,* 9 Eng. Ruling Cases, 798, *Lord Westbury* said: "It is a settled principle that no man shall be without a domicile, and to secure this result the law attributes to every individual as soon as he is born the domicile of his father, if the child be legitimate, and the domicile of the mother if illegitimate." This principle has been gener-

ally adopted by the American courts and is sustained by numerous authorities. 19 C. J., 399, 410, et seq.; 9 R. C. L., 547; 14 Cyc., 845; 10 A. & E., 11; *Estate of Hanning,* 79 A. S. R., 43; *R. R. v. Kimbrough,* 115 Ky., 512; *Danbury v. New Haven,* 5 Conn., 584; *Sudler v. Sudler,* 49 L. R. A. (N. S.), 861, note; *Bedgood v. McLain,* 94 Ga., 283. See, also, *Reynolds v. Cotton Mills,* 177 N. C., 412; C. S., 1654; Rules 9 and 10.

Of course, there is a technical distinction between "domicile" and "residence" (*Roanoke Rapids v. Patterson,* 184 N. C., 135), but there is no suggestion that the domicile of the plaintiff's mother is in Montgomery County, and his Honor's finding shows that her residence is in the county of Davidson. Under the circumstances disclosed, the residence of the mother, in our opinion, is the residence of the plaintiff; and as the plaintiff has not been emancipated or abandoned by his mother, the mere fact that he is living with his grandfather in Montgomery County does not affect our conclusion. The order removing the cause from Davidson to Montgomery must therefore be

Reversed.