FRANK LAWSON, INCOMPETENT, BY HIS GUARDIAN, E. L. STALLINGS, v.
F. F. LANGLEY AND E. R. LANGLEY.

(Filed 28 April, 1937.)

**Venue § 1—Guardian for incompetent may maintain action in county of
his personal residence.**

This action to recover for alleged negligent injuries inflicted upon a
person subsequently adjudged insane was brought by the injured person's
guardian in the county of the guardian's personal residence. Defendants
made a motion, under C. S., 470 (1), to remove to the county in which
the injured person and the defendants resided and in which the cause of
action arose and in which the guardian for the injured person was ap-
pointed and qualified. *Held:* The guardian was entitled to maintain the
action in the county of his personal residence, C. S., 469, 446, 449, 450,
2169, and defendants' motion to remove should have been denied.

APPEAL by plaintiff from *Small, J.,* at Second November Term, 1936,
of WAKE. Reversed.

This is an action for actionable negligence, brought by plaintiff
against defendants, alleging damage. The action grew out of an auto-
mobile collision with defendants, in which Frank Lawson was incapaci-
tated for life.

Before filing answer, defendants made the following motion for
change of venue: "To the Honorable Clerk of the Superior Court of
Wake County: Now come the defendants, F. F. Langley and E. R.
Langley, and move that the court change the place of trial of the above
entitled action from Wake County to Johnston County, upon the ground
that Wake County is not the proper county for the trial of said cause,
for that: (1) The plaintiff, Frank Lawson, incompetent, was at the time
of the institution of this action, and still is, a resident of Johnston
County, North Carolina. (2) That the defendants, F. F. Langley and
E. R. Langley, were at the institution of this action, and still are, resi-
dents of Johnston County, North Carolina. (3) That the cause of
action arose in Johnston County, as appears in the complaint. And
defendants move that the record in the case, or a certified copy thereof,
be transmitted to the Superior Court of Johnston County, North Caro-
lina. This 7 July, 1936. Wellons & Wellons, J. M. Broughton, Attor-
neys for defendants, F. F. Langley and E. R. Langley."

At the Second November Term, 1936, Wake Superior Court, the
following order of removal was made: "This cause coming on to be
heard and being heard before his Honor, W. L. Small, at the Second
November Term, 1936, of Wake Superior Court, and being heard upon
a motion heretofore filed herein in apt time by the defendants for a

change of venue, the court, upon consideration of the complaint, motion
for change of venue, and affidavits offered by the defendants in support
thereof, finds the facts to be as follows:

"1. That the cause of action which is the subject matter of this suit
arose in Johnston County, North Carolina.

"2. That the defendants, and each of them, were at the time of the
institution of this action, and still are, residents of Johnston County
North Carolina.

"3. It was admitted in open court by the plaintiff that at the time the
said cause of action arose, and at the time of the institution of this
action, the plaintiff Frank Lawson was and still is domiciled in said
Johnston County; that at all such times the said Frank Lawson had a
home in Johnston County, where his wife resides; that subsequent to
the date on which the cause of action arose, the plaintiff Frank Lawson
was in a proceeding before the clerk of the Superior Court of said
Johnston County, adjudged to be incompetent and committed to the
State Hospital for the Insane, located at Raleigh, in Wake County; that
up to the time of such adjudication of incompetency as to said plaintiff
and his commitment to said State Hospital for the Insane at Raleigh
he had made no change of his domicile or residence, which was at said
time in said Johnston County.

"4. That in said proceedings before the clerk of the Superior Court of
Johnston County, E. L. Stallings was named as guardian of said Frank
Lawson, incompetent, and qualified as such before the said clerk of the
Superior Court of Johnston County; that said E. L. Stallings was at
the time of the institution of this action and is now a resident of Wake
County, North Carolina; that subsequent to his appointment as such
guardian there was instituted in the Superior Court of Wake County an
action as above entitled, the same being in the name of Frank Lawson,
incompetent, by his guardian, E. L. Stallings, against the above named
defendants.

"5. That the said Frank Lawson, plaintiff, was at the time of the
institution of this action, and still is, the real party in interest, as plain-
tiff, and was at said time and still is domiciled in and a resident of
Johnston County, North Carolina.

"From the record herein, and upon the foregoing facts, the court is of
the opinion, and so holds, that the plaintiff Frank Lawson was at the
time of the institution of this action, and prior thereto, and still is,
domiciled in and a legal resident of Johnston County, North Carolina,
and was at such time and still is the real party in interest as plaintiff,
and as such the party plaintiff of record; that the defendants, and each
of them, are residents of said Johnston County, and that the cause of
action arose in said Johnston County, and that accordingly Johnston

County is the proper venue for the trial of this action, and that the defendants are entitled to have their motion for change of venue allowed:

"It is therefore ordered and adjudged that the said motion for change of venue be and the same is hereby allowed, and that this action be removed to the Superior Court of Johnston County; that the clerk of this court be and he is hereby authorized and directed forthwith to transmit the record in this case to the said Superior Court of Johnston County. Walter L. Small, Judge presiding."

To the foregoing order E. L. Stallings, as guardian of Frank Lawson, incompetent, in apt time excepted, assigned error, and appealed to the Supreme Court.

*MacLean, Pou & Emanuel and Stanley J. Seligson for plaintiff.*

*J. M. Broughton, William Wellons, and W. H. Yarborough, Jr., for defendants.*

CLARKSON, J. (1) The injury for which the action is instituted took place in Johnston County, N. C. (2) The defendants, who in the complaint it is alleged negligently inflicted the injury, are domiciled in Johnston County. (3) E. L. Stallings was appointed guardian for Frank Lawson in Johnston County. (4) Frank Lawson was domiciled in Johnston County. (5) E. L. Stallings resides in Wake County, N. C. Appellant concedes that the plaintiff Frank Lawson, being a resident of and domiciled in Johnston County prior to becoming a person *non compos mentis,* was incapable of changing his residence to Wake County. 19 C. J., pp. 417-418; *Duke v. Johnston, ante,* 171 (175).

Under the above factual situation, does the plaintiff, guardian of an incompetent, have the right to maintain and try the action in the county of his personal residence? We think so.

C. S., 469, is as follows: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement; or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in his summons and complaint, subject to the power of the court to change the place of trial, in the cases provided by statute."

C. S., 470, in part: "If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court. The court may change the place of trial in

the following cases: (1) When the county designated for that purpose is not the proper one," etc. Under this statute defendants seek to remove the action to Johnston County, N. C.

C. S., 446, in part: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided," etc.

C. S., 449: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, includes a person with whom, or in whose name, a contract is made for the benefit of another."

C. S., 450, in part: "In actions and special proceedings, when any of the parties plaintiff are infants, idiots, lunatics, or persons *non compos mentis,* whether residents or nonresidents of this State, they must appear by their general or testamentary guardian, if they have any within the State; but if the action or proceeding is against, or if there is no such guardian, then said persons may appear by their next friend."

C. S., 2169: "Every guardian shall take possession, for the use of the ward, of all his estate, and may bring all necessary actions therefor."

The defendants cite, as authority for their contention: *George v. High,* 85 N. C., 113 (114), where it is said: "It has been decided by this Court in several cases, and amongst them the cases of *Branch v. Goddin,* 60 N. C., 493; *Falls v. Gamble,* 66 N. C., 455; and *Mason v. McCormick,* 75 N. C., 263, that one who conducts a suit as guardian, or next friend, for infants is not a party of record, but that the infants themselves are the real plaintiffs." *Abbott v. Hancock,* 123 N. C., 99. They also cite *Krachanake v. Mfg. Co.,* 175 N. C., 435 (441), where it is written: "The father is not, however, a party in the legal sense. He is an officer appointed by the court to protect the interest of his son, who is the real plaintiff (*Hockoday v. Lawrence,* 156 N. C., 319)."

The plaintiff, on the other hand, contends that the above cases cited by defendants are distinguishable from the present case, and in his brief analyzes the distinction and cites N. C. Practice & Procedure in Civil Cases (McIntosh), pp. 271-2, secs. 287 and 288, where it is said: "In all other actions except those indicated as local actions, the venue is regulated by statute according to the residence of the parties, and 'parties' means those who appear as such upon the record. The plaintiff is allowed to select the forum, subject to certain restrictions imposed by the statute. Where the plaintiff and the defendant both reside in the same county, the action must be tried there, unless removed for cause; and if there are several plaintiffs or several defendants, the action may be brought in any county in which any of the plaintiffs or any of the defendants reside. The residence at the commencement of the action

determines the venue, and a subsequent change of residence would not affect it. (Sec. 288.) In actions brought by fiduciaries, the personal residence of the fiduciary controls. While an executor or administrator must be sued in the county in which he qualified, he may bring an action in the county in which he resides, or in which the defendant resides, although neither may be the county in which he qualified. Plaintiff's intestate was a resident of H. County and was killed in P. County; plaintiff, a resident of M. County, qualified as administrator in H. County, and brought an action for wrongful death in M. County against a foreign corporation and another defendant resident in P. County. The court held that the action was properly brought, since the residence of the individual holding the office and not his official residence or county where he qualified controlled. An action upon an insurance policy was properly brought by an administrator in the county of his individual residence, though not the county in which he qualified. The same rule applies in case of trustees, receivers, and other fiduciaries. Where an action is brought against an administrator for services rendered for him, this being a personal claim, and not a debt of the estate, the plaintiff may sue in his own county or in that of the administrator." McIntosh cites authorities to sustain the text. *Biggs v. Bowen,* 170 N. C., 34; *Hannon v. Power Co.,* 173 N. C., 520; *Whitford v. Ins. Co.,* 156 N. C., 42; *Mecom v. Fitzsimmons,* 284 U. S., 183.

The court below in the judgment found that Frank Lawson "is the real party in interest." Fiduciaries are not the real parties in interest, yet they can bring an action for the real beneficiaries. It is expressly provided in C. S., 449. *Sheppard v. Jackson,* 198 N. C., 627 (628). McIntosh, *supra,* says the personal residence of the fiduciary controls in actions brought by fiduciaries. We think C. S., 2169, tends to support the view, where it is said: "Every guardian shall take possession, for the use of the ward, of all his estate, and may bring all necessary actions therefor." The guardian can select the forum, as there is no statute to the contrary.

All compensation for injuries received in course of employment, accruing and maturing during deceased's lifetime, thereafter belongs to his "estate." *Morgannelli's Estate v. City of Derby,* 135 A., 911, 105 Conn., ·545.

The statute specifically charges the guardian that he "may bring all necessary actions therefor." The plaintiff, under the statute, has done this, and we think he can do this in the county of his personal residence. In *Wallace v. Wallace,* 210 N. C., 656, the factual situation is different.

For the reasons given, the judgment of the court below is

Reversed.