CARRIE L. McLEAN, Administratrix of the Estate of VIRGIL A. FLEENOR, v. RULANE GAS COMPANY.

(Filed 24 November, 1937.)

Venue § 1—

    Defendant's appeal from an order of the trial court denying defendant's motion to remove the action brought by an administratrix in the county of her residence, is affirmed on authority of *Lawson v. Langley*, 211 N. C., 526.

Appeal by defendant from *Rousseau, J.,* at March Term, 1937, of Mecklenburg. Affirmed.

This is an action for actionable negligence, alleging damage, brought by Carrie L. McLean, the duly appointed administratrix of the estate of Virgil A. Fleenor, who died intestate in Anson County on 13 December, 1936, as a result of the alleged negligence of the defendant. The personal residence of Carrie L. McLean, the plaintiff, is in Mecklenburg County. The defendant, a corporation, is a resident of Gaston County. The plaintiff Carrie L. McLean qualified as administratrix in Anson County, where the deceased was injured and killed. The beneficiaries of any recovery are residents of Tennessee. The action was instituted in Mecklenburg County, the personal residence of the plaintiff, and the sole question is whether the defendant has the right to remove the case to Gaston County, which is the residence of the defendant.

*Robinson & Jones and Simmons & Bowman for plaintiff.*
*Jonas & Jonas and Fred B. Helms for defendant.*

Per Curiam. We carefully considered the case of *Lawson v. Langley,* 211 N. C., 526, when before this Court. The defendant in its brief says,

in reference to the *Lawson case, supra,* and other cases: "In the face of these apparently adverse former adjudications, the appellant prosecutes this appeal only because it believes it is about to be deprived of a substantial legal right. It believes its contention ought to prevail even though it should require the review, modification, or even the overruling of former adjudications."

This statement would meet with the approval of this Court if we were of the opinion that the other cases were not correctly decided. This case is governed by the *Lawson case, supra,* and the judgment of the court below is

Affirmed.