AFRIKA S. ROBERTS, by and through her Guardian ad Litem, FRANKIE J. PERRY, Plaintiff v. ADVENTURE HOLDINGS, LLC, and, 3311 CAPITAL BOULEVARD, LLC, d/b/a ADVENTURE LANDING, Defendants

No. COA10-589

(Filed 21 December 2010)

**1. Appeal and Error— interlocutory order—improper venue— denial of motion to dismiss—substantial right**

The Court of Appeals addressed the merits of an appeal from an interlocutory order denying a motion to dismiss for improper venue where defendants alleged that the county indicated in the complaint was improper.

**2. Venue— residence of guardian ad litem—not alone sufficient**

A guardian *ad litem's* residence, standing alone, was not sufficient to establish venue.

**3. Venue— motion to dismiss—treated as motion to transfer**

A motion to dismiss for improper venue was treated as a motion to transfer venue and, as venue was improper, the trial court should have transferred the case.

Appeal by defendants from order entered 4 February 2009 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 28 October 2010.

*Pulley, Watson, King & Lischer, P.A., by Guy W. Crabtree, for plaintiff-appellee.*

*Ross & Van Sickle, PLLC, by R. Matthew Van Sickle and C. Thomas Ross, for defendants-appellants.*

JACKSON, Judge.

Adventure Holdings, LLC, ("Adventure") and 3311 Capital Boulevard, LLC, ("Capital") (collectively "defendants") appeal the trial court's 4 February 2009 order denying their motion to dismiss based upon improper venue. For the reasons stated herein, we affirm in part and remand.

Adventure is a foreign limited liability company with its principal office in Jacksonville, Florida. Capital is a North Carolina limited liability company with its principal office in Raleigh, North Carolina. Defendants own and operate the amusement park known as Adventure Landing, located on Capital Boulevard in Raleigh.

On 10 June 2006, the minor child Afrika Roberts ("Roberts") visited Adventure Landing with her family. During her visit, Roberts, who was nine years old at the time, was injured in a go-kart accident. As a result of the incident, all of the toes on Roberts's left foot were amputated. Roberts and her family reside in Virginia.

On 24 November 2009, Roberts, through her guardian *ad litem* ("GAL") Frankie J. Perry, filed a complaint against defendants, alleging that Roberts's injuries "were a direct and proximate result of the negligent and careless conduct of [d]efendants" and their agents. On 10 December 2009, defendants filed their answer along with motions to dismiss pursuant to Rules 12(b)(3), 12(b)(6), and 12(b)(7) of our Rules of Civil Procedure. On 4 February 2009, the trial court denied defendants' motions to dismiss as to all three Rules. Defendants appeal the trial court's order only with respect to Rule 12(b)(3).

Defendants first contend that the trial court erred in denying their motion to dismiss based upon improper venue. In the alternative, defendants' second argument is that the case *sub judice* should have been transferred to Wake County. We agree with defendants that Durham County is not the proper venue for this action, and we think that transfer of venue, rather than dismissal, is the appropriate remedy.

[1] Initially, we note that defendants' appeal is interlocutory, because it "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (citing *Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231 (1916)), *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). We previously have held

> that ordinarily an order denying a change of venue is deemed interlocutory and is not subject to immediate appeal. *See Frink v. Batten*, 184 N.C. App. 725, 727, 646 S.E.2d 809, 811 (2007) ("the order denying the motion to change venue is an interlocutory order"). However, because the grant or denial of venue established by statute is deemed a substantial right, it is immediately appealable. *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980) (citations omitted).

*Odom v. Clark*, 192 N.C. App. 190, 195, 668 S.E.2d 33, 36 (2008). Furthermore, we have explained that "[t]he denial of a motion for change of venue, though interlocutory, affects a substantial right and is immediately appealable where the county designated in the complaint is not proper." *Caldwell v. Smith*, 203 N.C. App. 725, 727, 692 S.E.2d 483, 484 (2010) (citations omitted). Therefore, because defendants have alleged that the county indicated in the complaint is improper, we address the merits of defendants' appeal.

**[2]** North Carolina General Statutes, section 1-82 provides that an

> action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in his summons and complaint, subject to the power of the court to change the place of trial, in the cases provided by statute[.]

N.C. Gen. Stat. § 1-82 (2007).[1] According to North Carolina General Statutes, section 1-83,

> If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

> The court may change the place of trial in the following cases:

> (1) When the county designated for that purpose is not the proper one.

N.C. Gen. Stat. § 1-83 (2007). "The provision in N.C.G.S. § 1-83 that the court 'may change' the place of trial when the county designated is not the proper one has been interpreted to mean 'must change.'" *Miller v. Miller*, 38 N.C. App. 95, 97, 247 S.E.2d 278, 279 (1978) (citations omitted).

---

1. This statute applies in cases, such as the case *sub judice*, that are not covered by the specific provisions listed in North Carolina General Statutes, sections 1-76 through 1-81.1.

North Carolina courts have not addressed the specific issue of whether or not the residence of a GAL is sufficient to confer venue. Roberts cites *Lawson v. Langley* for the proposition that, "[i]n actions brought by fiduciaries, the personal residence of the fiduciary controls" with respect to venue. 211 N.C. 526, 530, 191 S.E. 229, 232 (1937). However, because our courts have not addressed this issue explicitly, defendants point us to a South Carolina case, which distinguished a GAL from other types of guardians and then dismissed the action based upon improper venue. *Blackwell v. Vance Trucking Company*, 139 F.Supp. 103 (1956). We explore the parties' arguments in turn.

In *Lawson*, our Supreme Court addressed whether or not a "plaintiff, guardian of an incompetent, [has] the right to maintain and try the action in the county of his personal residence[.]" 211 N.C. at 528, 191 S.E. at 231. The *Lawson* Court recited several statutes in effect at the time and quoted a civil procedure treatise. It then held that, because the treatise "says the personal residence of the fiduciary controls in actions brought by fiduciaries" and because a statute expressly provided that "[e]very guardian shall take possession, for the use of the ward, of all his estate, and may bring all necessary actions therefor[,]" "[t]he guardian can select the forum, as there is no statute to the contrary." *Id.* at 530, 191 S.E. at 232 (citations omitted).

Roberts argues that so long as a GAL is considered a fiduciary, *Lawson* controls. However, Roberts overlooks the significant differences between a general guardian, such as the plaintiff in *Lawson*, and a GAL, as we have in the instant case. A general guardian is responsible for the entirety of one's person and/or estate and maintains such responsibility beyond the context of the courtroom. A general guardian is one "who has general care and control of the ward's person and estate." Black's Law Dictionary 774 (9th ed. 2009). In contrast, a GAL is "appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party." *Id.* "*Ad litem*" is a Latin phrase that means "[f]or the purposes of the suit[.]" *Id.* at 49.

In one of our juvenile cases, we discussed the limited role of a GAL who had been appointed based upon the parents' suspected diminished capacity. *See In re L.B.*, 187 N.C. App. 326, 653 S.E.2d 240 (2007), *aff'd*, 362 N.C. 507, 666 S.E.2d 751 (2008) (per curiam). We noted that the more expansive role of a general guardian is " 'to *replace* the individual's authority to make decisions with the authority of a guardian when the individual does not have adequate capac-

ity to make such decisions.' " *Id.* at 329, 653 S.E.2d at 242 (quoting N.C. Gen. Stat. § 35A-1201(a)(3) (2005)) (emphasis in original). "In contrast, a GAL's authority is more limited." *Id.* In fact, "the language of the General Assembly is clear that the GAL's role is limited to one of assistance, not one of substitution." *Id.* Even though *In re L.B.* involved a GAL's representation of a parent with suspected diminished capacity, its comments are instructive.

Because North Carolina courts have not addressed this precise issue, defendants cite *Blackwell, supra.* In *Blackwell*, a minor had been injured in an automobile accident. 139 F.Supp. at 104-05. The minor resided in New York, the defendant resided in North Carolina, and the accident occurred in South Carolina. *Id.* The minor's GAL instituted the action in South Carolina, where he was a citizen and resident. *Id.* at 105. Because the defendant had filed a motion to dismiss based upon improper venue, the question presented was whether or not venue could be based solely upon the GAL's state of residence. *Id.* In holding that it could not, the *Blackwell* court explained that

> a guardian *ad litem* is something quite different [than a general guardian]. He is appointed for the mere temporary duty of protecting the legal rights of an infant in a particular suit and his duties and his office end with that suit. He is not a party in interest in the suit, no property comes into his hands, and he has no powers nor duties either prior to the institution of the suit or after its termination.

*Id.* at 106-07. Again, some distinctions exist between *Blackwell* and the case *sub judice.* Nonetheless, the *Blackwell* court's emphasis on the role of a GAL—as opposed to that of a general guardian of one's person and/or estate—and its effect on whether the GAL's residence may be used to establish venue is applicable to the facts before us. Based upon our own precedent, in addition to the persuasive reasoning of *Blackwell*, we now hold that a GAL's county of residence is insufficient, standing alone, to establish venue.

Here, all real parties in interest are located either out-of-state or in Wake County. Roberts resides in Virginia with her parents. Adventure's principal office is in Jacksonville, Florida. Capital's principal office is in Wake County. Adventure Landing—the site of the incident at issue—also is located in Wake County. Nevertheless, Roberts's GAL filed the complaint initiating this action in Durham County. Because the residence of the GAL is the only conceivable

connection to Durham County and because we hold that the GAL's residence, standing alone, is insufficient to establish venue, we conclude that Durham County is an improper venue for the instant action.

**[3]** Even though Durham County is not the proper venue for Roberts's action, we still must decide whether dismissal or transfer of venue is the appropriate remedy. We have held that "venue is not jurisdictional, but is only ground for removal to the proper county upon a timely objection made in the proper manner." *Miller*, 38 N.C. App. at 97, 247 S.E.2d at 279 (citations omitted). Our Supreme Court has explained that

> [a plaintiff] is not entitled to an abatement of this action, even though it be conceded it was instituted in the wrong county. It has been repeatedly held that our statutes relating to venue are not jurisdictional, and that if an action is instituted in the wrong county it should be removed to the proper county, and not dismissed, if the motion for removal is made in apt time, otherwise the question of venue will be waived. G.S. 1-83; *Davis v. Davis*, 179 N.C. 185, 102 S.E. 270; *Roberts v. Moore*, 185 N.C. 254, 116 S.E. 728; *Bohannon v. Wachovia Bank & Trust Co.*, 210 N.C. 679, 188 S.E. 390; *Shaffer v. Bank*, 201 N.C. 415, 160 S.E. 481; *Calcagno v. Overby*, 217 N.C. 323, 7 S.E. 2d 557; *Wynne v. Conrad*, 220 N.C. 355, 17 S.E. 2d 514.

*Wiggins v. Trust Co.*, 232 N.C. 391, 393-94, 61 S.E.2d 72, 73 (1950).

In a similar case in which a motion to dismiss, rather than a motion to transfer venue, was presented to the trial court, our Supreme Court held that the trial court in that case "correctly treated defendant's motion to dismiss as a motion for a change of venue. . . . In the motion defendant had pointed out that Sampson County was the proper venue." *Coats v. Hospital*, 264 N.C. 332, 334, 141 S.E.2d 490, 492 (1965) (citing *Cloman v. Staton*, 78 N.C. 235, 237 (1878)). In addition, we have held that " '[t]he trial court has no discretion in ordering a change of venue if demand is properly made and it appears that the action has been brought in the wrong county.' " *Baldwin v. Wilkie*, 179 N.C. App. 567, 569, 635 S.E.2d 431, 432 (2006) (quoting *Swift and Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975)), *disc. rev. denied*, 361 N.C. 353, 645 S.E.2d 764 (2007).

In the case *sub judice*, defendants' motion to dismiss based upon improper venue reads,

McCORKLE v. N. POINT CHRYSLER JEEP, INC.

[208 N.C. App. 711 (2010)]

Plaintiff's Complaint should be dismissed pursuant to N.C.R.Civ.P. 12(b)(3), since the face of the Complaint discloses that this matter is in the improper venue. None of the parties reside in Durham County and, pursuant to N.C.G.S. § 1-82, since [d]efendant 3311 Capital Boulevard, LLC, resides in Wake County, which is also the sites [sic] of the incident giving rise to this action, Wake County is the proper venue for this case.

Even though they did not request a transfer of the case to the proper venue, our precedent requires that the motion be treated as such. Accordingly, we hold that, rather than dismissing Roberts's case, the trial court should have transferred it from Durham County, an improper venue, to Wake County, the proper venue.

We affirm the trial court's denial of defendants' motion to dismiss based upon improper venue. However, because Durham County is not the proper venue for the case *sub judice*, we remand to the trial court for entry of an order transferring the case to Wake County.

Affirmed in part; Remanded.

Judges ELMORE and THIGPEN concur.