JENKINS v. HEARN VASCULAR SURGERY, P.A.

[217 N.C. App. 118 (2011)]

———

GORDON W. JENKINS, GUARDIAN *Ad Litem* FOR MIRIAM HAJEH, A MINOR, AND ASMA S. HAJEH AND JAMAL HAJEH PLAINTIFFS v. HEARN VASCULAR SURGERY, P.A. D/B/A CAROLINA VASCULAR AND VEIN SPECIALISTS AND ANDREW T. HEARN, M.D., DEFENDANTS

No. COA11-454

(Filed 15 November 2011)

**1. Appeal and Error—interlocutory orders and appeals—substantial right—venue**

The portion of an interlocutory order denying defendants' motion for change of venue affected a substantial right thus allowing for immediate appellate review.

**2. Venue—motion for change—residence of unemancipated infant**

The trial court erred in a medical malpractice case by denying defendants' motion for change of venue to Alamance County. The fact that a baby was a long-term patient at a medical center in Forsyth County after her birth did not affect her residence with her parents in Alamance County. Further, defendants reside and do business in Alamance County in addition to the alleged injury occurring in Alamance County.

**3. Appeal and Error—interlocutory orders and appeals—motion to dismiss did not affect substantial right**

The trial court did not err in a medical malpractice case by denying defendants' motion to dismiss because this portion of an interlocutory order did not affect a substantial right. Defendants offered no evidence as to any potential injury to either party if the issue was presented after a final judgment on the merits.

JENKINS v. HEARN VASCULAR SURGERY, P.A.

[217 N.C. App. 118 (2011)]

Appeal by Defendants from Order entered 15 December 2010 by Judge R. Stuart Albright in Forsyth County Superior Court. Heard in the Court of Appeals 13 October 2011.

*Wilson Helms & Cartledge, LLP, by G. Gray Wilson and Linda L. Helms, for Defendants.*

*Pulley Watson King & Lischer, P.A., by Richard N. Watson, for Plaintiffs.*

THIGPEN, Judge.

Hearn Vascular Surgery, P.A., doing business as Carolina Vascular and Vein Specialists, and Andrew T. Hearn, M.D. ("Dr. Hearn") (collectively, "Defendants") appeal from an order entered 15 December 2010 denying their N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) motion for change of venue and their N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion to dismiss. First we must determine whether the trial court's interlocutory order denying Defendants' motions is suitable for immediate appellate review. If the order is immediately appealable, we must then decide whether the trial court erred in denying defendants' motion for change of venue and motion to dismiss. We conclude the portion of the order denying Defendant's motion for change of venue is immediately appealable, and venue is properly in Alamance County. We also conclude the order denying Defendants' motion to dismiss is interlocutory and not immediately appealable. We therefore dismiss Defendants' appeal from the portion of the order denying Defendants' motion to dismiss.

The evidence of record tends to show that Asma Hajeh ("Asma") and Jamal Hajeh ("Jamal") are husband and wife and the parents of Miriam Hajeh ("Miriam") (collectively, "Plaintiffs"). Asma and Jamal are residents of Alamance County. Gordon W. Jenkins, a Forsyth County resident, is Miriam's guardian *ad litem.*

On 24 December 2009, Asma, who was three weeks pregnant, began suffering from acute appendicitis. Jamal drove Asma to Alamance Regional Medical Center, where Dr. Hearn performed a laparoscopic appendectomy. Asma was discharged from Alamance Regional Medical Center on 27 December 2009.

On 9 May 2010, when Asma was twenty-three weeks pregnant, Asma began experiencing abdominal pain and vomiting. Asma was readmitted to the Alamance Regional Medical Center and transferred to Forsyth Medical Center in Winston-Salem the next day. Exami-

nations at Forsyth Medical Center revealed Asma was suffering from sepsis as a result of acute appendicitis. An open laparotomy surgery was performed on 10 May 2010, which revealed that a four centimeter portion of Asma's appendix remained in her body and had not · been removed by Dr. Hearn.

Asma also went into premature labor on 10 May 2010, and attempts to prevent premature labor were unsuccessful. Asma delivered a one pound, eight ounce baby girl—Miriam.

Miriam was hospitalized at Forsyth Medical Center and was a patient in the Forsyth Medical Center Neonatal Intensive Care Unit from the date of her birth on 10 May 2010 until after the filing of the complaint in this case on 22 September 2010. Miriam suffers from permanent and severe physical and cognitive conditions. Plaintiffs' complaint, filed in Forsyth County, alleges Dr. Hearn's negligence in failing to remove Asma's entire appendix during the 24 December 2009 appendectomy.

On 23 November 2010, Defendants filed motions pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) and Rule 12(b)(6), contending Plaintiffs instituted the action in an improper venue, and Plaintiffs' complaint failed to state a claim upon which relief may be granted because the alleged negligence injured a nonviable fetus.

On 15 December 2010, the trial court entered an order denying Defendants' motions made pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) and Rule 12(b)(6).

On 12 January 2011, Defendants filed a notice of appeal from the trial court's 15 December 2010 order.

## I: Interlocutory Appeal

We must first determine whether the interlocutory order denying Defendants' motions made pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) and Rule 12(b)(6) is immediately appealable. We conclude the denial of Defendants' motion for change of venue is immediately appealable, and the denial of Defendants' motion to dismiss is not.

"Interlocutory orders are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009) (quotation omitted). "As a general rule, interlocutory orders are not immediately appealable." *Id.* (cita-

tion omitted). However, "immediate appeal of interlocutory orders and judgments is available in at least two instances: when the trial court certifies, pursuant to N.C.G.S. § 1A-1, Rule 54(b), that there is no just reason for delay of the appeal; and when the interlocutory order affects a substantial right under N.C.G.S. §§ 1-277(a) and 7A-27(d)(1)." *Id.* (quotation omitted).

In the present case, the trial court did not certify pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) its order denying Defendants' motions. We must determine whether the order affects a substantial right.

### i: Venue

**[1]** We first consider whether the portion of the order denying Defendants' motion for change of venue affects a substantial right. We conclude it does. We further conclude the trial court erred by denying Defendants' motion for change of venue, as venue is properly in Alamance County.

"[T]he denial of a motion for change of venue, though interlocutory, affects a substantial right and is immediately appealable where the county designated in the complaint is not proper." *Caldwell v. Smith,* ___ N.C. App. ___, ___, 692 S.E.2d 483, 484 (2010) (citations omitted); *see also Roberts v. Adventure Holdings, LLC,* ___ N.C. App. ___, ___, 703 S.E.2d 784, 786 (2010) (stating, "the grant or denial of venue established by statute is deemed a substantial right, it is immediately appealable") (internal quotation omitted). Therefore, because Defendants have alleged the county indicated in the complaint is improper, we address the merits of Defendants' appeal.

**[2]** Generally, absent an applicable specific statutory provision, venue is proper in the county in which any party is a resident at the commencement of the action. N.C. Gen. Stat. § 1-82 (2009) (providing, "[i]n all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement"). N.C. Gen. Stat. § 1-83 (2009) provides the following:

If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

The court may change the place of trial in the following cases:

(1) When the county designated for that purpose is not the proper one.

"The provision in N.C.G.S. § 1-83 that the court 'may change' the place of trial when the county designated is not the proper one has been interpreted to mean 'must change.' " *Roberts*, ___ N.C. App. at ___, 703 S.E.2d at 786 (quotation omitted).

In the present case, Asma and Jamal reside in Alamance County. Dr. Hearn resides in Alamance County, and Hearn Vascular Surgery, P.A., doing business as Carolina Vascular Specialists, is located in Alamance County. Defendants' argue on appeal that because all of the parties in this case, including Miriam, reside in Alamance County, Alamance County is the proper venue. Plaintiffs counter with two arguments: (1) Miriam "resided" in Forsyth Medical Center because, from the time of her birth until after the filing of the complaint, Miriam was a patient in Forsyth Neonatal Intensive Care Unit at Forsyth Medical Center; and (2) the fact that Miriam's guardian *ad litem* resides in Forsyth County, in addition to Miriam's other ties to Forsyth County, is sufficient to establish venue. We find these arguments unconvincing.

### a: Residence of Unemancipated Infant

We first address the question of whether Miriam "resided" in Forsyth County because she was a long-term patient at Forsyth Medical Center. We conclude Miriam's residence is with her parents in Alamance County.

There is a "common law presumption that a minor's domicile is the same as that of the minor's parents[.]" *Fain v. State Residence Comm. of the Univ. of N.C.*, 117 N.C. App. 541, 544, 451 S.E.2d 663, 665, *aff'd per curiam*, 342 N.C. 402, 464 S.E.2d 43 (1995) (citation omitted). "[A]n unemancipated infant, being *non sui juris*, cannot of his own volition select, acquire, or change his domicile." *Thayer v. Thayer*, 187 N.C. 573, 574, 122 S.E. 307, 308 (1924). Therefore, "[a]s a general rule, the domicile of every person at his birth is the domicile of the person on whom he is legally dependent[.]" *Id*. "It is a settled principle that no man shall be without a domicile, and to secure this result the law attributes to every individual as soon as he is born the domicile of his father, if the child be legitimate, and the domicile of the mother if illegitimate." *Id*.

We find the opinion of our Supreme Court in *Thayer v. Thayer*, 187 N.C. 573, 122 S.E. 307 dispositive in this case. In *Thayer*, a nine-year old illegitimate son brought suit in Davidson County against his putative father. The son lived with his grandfather in Montgomery County. *Id.* at 574, 122 S.E. at 308. The son's mother was a resident of Davidson County, and the father was a resident of Montgomery County. *Id.* The question for the Court was whether the son resided, for purposes of venue, in Davidson County with his mother or in Montgomery County with his grandfather. *Id.* The Court in *Thayer* recognized that the appropriate question for purposes of venue is the place of residence, not the place of domicile. *Id.* at 575, 122 S.E. at 308 (stating "there is a technical distinction between 'domicile' and 'residence' "). However, the *Thayer* Court stated "there is no suggestion that the domicile of the plaintiff's mother is in Montgomery County[.]" *Id.* The Court concluded, "the residence of the mother, in our opinion, is the residence of the plaintiff; and as the plaintiff has not been emancipated or abandoned by his mother, the mere fact that he is living with his grandfather in Montgomery County does not affect our conclusion." *Id.*

As in *Thayer*, there is no suggestion in the present case that Asma or Jamal either reside or are domiciled in Forsyth County. Asma and Jamal do not dispute that they reside in Alamance County. Miriam has neither been emancipated nor abandoned by her mother and father. The question of Miriam's legitimacy is not at issue, and *Thayer* supports the proposition that Miriam's in-patient stay at Forsyth Medical Center does not affect her residence. We therefore conclude the residence of the infant, Miriam, is the residence of her parents, Asma and Jamal. *See Id.* at 574, 122 S.E. at 308 (stating, "the law attributes to every individual as soon as he is born the domicile of his father, if the child be legitimate"); *Fain*, 117 N.C. App. at 544, 451 S.E.2d at 665; *see also In re A.B.*, 179 N.C. App. 605, 611, 635 S.E.2d 11, 16 (2006) (holding, in the context of N.C. Gen. Stat. § 7B-101 (15), that "a newborn still physically in residence in the hospital may properly be determined to 'live' in the home of his or her parents"). The fact that Miriam was a long-term patient at Forsyth Medical Center in Forsyth County after her birth does not affect her residence with her parents in Alamance County.

b: Residence of Guardian *ad Litem*

We next address the question of whether the fact that Miriam's guardian *ad litem* resides in Forsyth County, in addition to Miriam's

other ties to Forsyth County, is sufficient to establish venue. We conclude it is not.

> [A] guardian *ad litem* . . . is appointed for the mere temporary duty of protecting the legal rights of an infant in a particular suit and his duties and his office end with that suit. He is not a party in interest in the suit, no property comes into his hands, and he has no powers nor duties either prior to the institution of the suit or after its termination.

*Roberts*, ___ N.C. App. at ___, 703 S.E.2d at 787 (quoting *Blackwell v. Vance Trucking Company*, 139 F.Supp. 103, 106-07 (1956)). As such, "a [guardian *ad litem*]'s county of residence is insufficient, standing alone, to establish venue." *Roberts*, ___ N.C. App. at ___, 703 S.E.2d at 787.

Plaintiffs contend in the present case that "venue in Forsyth County is not predicated solely upon the residence of Miriam Hajeh's guardian *ad litem*." In addition to the guardian *ad litem's* residence in Forsyth County, Plaintiffs emphasize that "Miriam had never lived anywhere other than in Forsyth County prior to filing suit[;]" and "Miriam was born in Forsyth County and resided in Forsyth County for months before this lawsuit was filed." However, this Court has already determined that Miriam's in-patient stay at Forsyth Medical Center did not affect Miriam's residence for purposes of venue. We reiterate that Asma and Jamal, Miriam's mother and father, reside in Alamance County; as such, the law requires that Miriam, an unemancipated infant, also resides with her mother and father. Dr. Hearn resides in Alamance County, and Hearn Vascular Surgery, P.A., doing business as Carolina Vascular Specialists, is located in Alamance County. The injury alleged also occurred in Alamance County. We believe the Court's holding in *Roberts*, ___ N.C. App. at ___, 703 S.E.2d at 787, is dispositive, and the facts of this case are insufficient to establish venue in Forsyth County.[1]

---

1. Plaintiffs also state in their brief that "[a]ll of Miriam's doctors, physician assistants, therapists, and nurses" are in Forsyth County. Although this has no bearing on the determination of Miriam's residence pursuant to N.C. Gen. Stat. § 1-82, nothing in this opinion precludes Plaintiffs, after the transfer of venue to Alamance County, from filing a motion to transfer venue back to Forsyth County pursuant to N.C. Gen. Stat. § 1-83 (2), which states that "[t]he court may change the place of trial . . . [w]hen the convenience of witnesses and the ends of justice would be promoted by the change." *See also Stephenson v. Bartlett*, 358 N.C. 219, 228, 595 S.E.2d 112, 118 (2004) ("[V]enue is sufficiently flexible that it may be changed 'when the convenience of witnesses and the ends of justice would be promoted by the change' ") (citing N.C. Gen. Stat. § 1-83 (2)).

JENKINS v. HEARN VASCULAR SURGERY, P.A.

[217 N.C. App. 118 (2011)]

For the foregoing reasons, we conclude the trial court erred by denying Defendants' motion for change of venue. We reverse this portion of the trial court's order and remand to the Forsyth County superior court for transfer of venue to Alamance County.[2]

### ii: Motion to Dismiss

**[3]** We next consider whether the portion of the order denying Defendants' motion to dismiss affects a substantial right. We conclude it does not.

Ordinarily, a denial of a motion to dismiss under Rule 12(b)(6) merely serves to continue the action then pending. No final judgment is involved, and the disappointed movant is generally not deprived of any substantial right which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on its merits. Thus, an adverse ruling on a Rule 12(b)(6) motion is in most cases an interlocutory order from which no direct appeal may be taken.

*State ex rel. Edmisten v. Fayetteville Street Christian School*, 299 N.C. 351, 355, 261 S.E.2d 908, 911 (1980) (citation omitted). The inquiry as to whether a substantial right is affected is "two-part"—"the right itself must be substantial and the deprivation of that substantial right must potentially work injury to [a party] if not corrected before appeal from final judgment[.]" *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). Although we do not disagree with Defendants' general contentions on appeal that addressing the question presented in their motion to dismiss would be in "the interests of judicial economy[,]" and that the issue raised is one "of public importance[,]" we find it dispositive that Defendants have offered no evidence as to any potential injury to either party, and we see none, if the issue presented in this interlocutory appeal is instead presented after a final judgment on the merits. Therefore, we conclude the portion of the order denying Defendants' motion to dismiss is not immediately appealable, and we dismiss this portion of Defendants' appeal.

REVERSED and REMANDED, in part; DISMISSED, in part.

Judges HUNTER, JR. and BEASLEY concur.

---

2. Although Defendants prayed in their motion for change of venue that the court "dismiss[ ] plaintiffs' action with prejudice[,]" we conclude the appropriate remedy is transfer of venue to Alamance County. *See, e.g., Roberts*, ___ N.C. App. at ___, 703 S.E.2d at 788 ("[V]enue is not jurisdictional, but is only ground for removal to the proper county upon a timely objection made in the proper manner").