THOMAS M. STERN, as Guardian of the Estate of ARMANI WAKEFALL, a Minor, Plaintiff v. MICHAEL IRA CINOMAN, MD, Defendant

No. COA11-1106

(Filed 5 June 2012)

**Venue—transfer as of right—guardian of the estate—county of residence**

The trial court erred in granting defendant's motion to transfer venue as of right in a case involving alleged negligent medical treatment of a child. As plaintiff brought the action in his capacity as guardian of the estate rather than as a guardian *ad litem*, he was entitled to bring the action in his county of residence.

Appeal by plaintiff from order entered 15 June 2011 by Judge Robert H. Hobgood in Durham County Superior Court. Heard in the Court of Appeals 25 January 2012.

*Ferguson, Stein, Chambers, Gresham, & Sumter, P.A., by William G. Simpson, Jr., for plaintiff-appellant.*

*Walker, Allen, Grice, Ammons & Foy, L.L.P., by O. Drew Grice, Jr., for defendant-appellee.*

GEER, Judge.

Plaintiff Thomas M. Stern appeals from an order granting defendant Michael Ira Cinoman's motion to transfer venue as of right. Because Mr. Stern brought the action in his capacity as guardian of the estate rather than as a guardian ad litem, he was entitled to bring the action in his county of residence. Mr. Stern resides in Durham County and, therefore, venue was proper. Accordingly, we reverse.

Facts

Armani Wakefall was born without complications on 24 December 1998. Approximately two months later, allegedly because of negligent medical treatment, she suffered severe brain damage and will be unable ever to earn a living or live independently. Armani currently lives with and is cared for by her mother, Deborah Scott, in Richmond County, North Carolina.

On 21 June 2007, Mr. Stern was appointed guardian ad litem for Armani. Through Mr. Stern, as her guardian ad litem, Armani then sued Dr. Cinoman, three resident physicians at the University of

North Carolina, and two critical care nurses also at the University of North Carolina. Ultimately, settlements were reached with all of the defendants other than Dr. Cinoman. Because some of the settlements occurred during the middle of trial, a voluntary dismissal without prejudice was taken with respect to the claims against Dr. Cinoman.

The proceeds from those settlements were deposited into a special needs trust fund for Armani. Mr. Stern was appointed guardian of the estate on 20 January 2011 and was re-appointed guardian ad litem on 25 January 2011. Mr. Stern filed a second civil action against Dr. Cinoman on 25 January 2011 in Durham County where Mr. Stern resides. Although the caption stated Mr. Stern was suing as guardian of the estate, the complaint also includes an allegation that Mr. Stern is Armani's guardian ad litem.

Dr. Cinoman moved for a change of venue to either Wake County, where Dr. Cinoman resides, or Orange County, where the events at issue took place. The trial court granted the motion transferring the case to Wake County in an order filed 15 June 2011. Mr. Stern has appealed the order changing venue.

Discussion

Mr. Stern contends on appeal that venue was proper in Durham County based on his having brought suit in his capacity as guardian of the estate.[1] N.C. Gen. Stat. § 1-83 (2011) provides that "[t]he court may change the place of trial . . . [w]hen the county designated for that purpose is not the proper one." Despite the use of the word "may," it is well established that "the trial court has no discretion in ordering a change of venue if demand is properly made and it appears that the action has been brought in the wrong county." *Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975).

A determination of venue under N.C. Gen. Stat. § 1-83(1) is, therefore, a question of law that we review *de novo. See also Nello L. Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 743, 71 S.E.2d 54, 55-56 (1952) (finding defendant was entitled to have action removed as a matter of law and holding that " '[i]f the demand for removal is properly made,

---

1. While this appeal is interlocutory, this Court has jurisdiction because it affects a substantial right. *See Snow v. Yates*, 99 N.C. App. 317, 319, 392 S.E.2d 767, 768 (1990) ("A right to venue established by statute is a substantial right. . . . An appeal of an order disposing of such a motion is interlocutory because it does not dispose of the case. However, grant or denial of a motion asserting a statutory right to venue affects a substantial right and is immediately appealable." (internal citations and quotation marks omitted)).

and it appears that the action has been brought in the wrong county, the court has no discretion as to removal' "(quoting Atwell Campbell McIntosh, *North Carolina Practice and Procedure in Civil Cases*, § 295, at 279 (1929)); *Jenkins v. Hearn Vascular Surgery, P.A.*, ____ N.C. App. ____, ____, 719 S.E.2d 151, 154 (2011) (" 'The provision in N.C.G.S. § 1-83 that the court may change the place of trial when the county designated is not the proper one has been interpreted to mean must change.' " (quoting *Roberts v. Adventure Holdings, LLC*, ____ N.C. App. ____, ____, 703 S.E.2d 784, 786 (2010))).

Defendant contends, and the trial court agreed, that Rule 17 of the North Carolina Rules of Civil Procedure, combined with this Court's holding in *Roberts*, ____ N.C. App. at ____, 703 S.E.2d at 787, is dispositive. Rule 17(b)(1) states that "[i]n actions or special proceedings when any of the parties plaintiff are infants or incompetent persons, whether residents or nonresidents of this State, they must appear by general or testamentary guardian, if they have any within the State or by guardian ad litem appointed as hereinafter provided . . . ."

Defendant argues that because Armani is an infant, Rule 17(b)(1) required that she appear through her guardian ad litem, Mr. Stern. Defendant then points out that this Court held in *Roberts* that "a [guardian ad litem's] county of residence is insufficient, standing alone, to establish venue." ____ N.C. App. at ____, 703 S.E.2d at 787. He concludes that Mr. Stern's residence in Durham County is not, under *Roberts*, sufficient to support venue in Durham County.

Defendant, however, has overlooked the authority granted to Mr. Stern as guardian of the estate to bring suit himself. A "[g]uardian of the estate" is defined as "a guardian appointed solely for the purpose of managing the property, estate, and business affairs of a ward." N.C. Gen. Stat. § 35A-1202(9) (2011). Guardians of the estate have "the powers, and duties provided under G.S. 35A, Article 9 and Subchapter III." N.C. Gen. Stat. § 35A-1215(2) (2011). These duties, for both an incompetent and a minor, include the ability "[t]o maintain any appropriate action or proceeding to recover possession of any of the ward's property, to determine the title thereto, or to recover damages for any injury done to any of the ward's property; also, to compromise, adjust, arbitrate, *sue on or defend, abandon, or otherwise deal with and settle any other claims in favor of or against the ward.*" N.C. Gen. Stat. § 35A-1251(3) (2011) (emphasis added); *see also* N.C. Gen. Stat. § 35A-1252(3) (2011) (granting same powers to guardian administering minor ward's estate). *Compare Clawser v. Campbell*, 184 N.C.

App. 526, 646 S.E.2d 779 (2007) (finding guardian of the person did not have the right to bring suit because he was not given that power by statute).

Thus, Mr. Stern, as guardian of the estate, had the authority to "sue on . . . claims in favor of . . . the ward," Armani Wakefall. N.C. Gen. Stat. § 35A-1251(3). On the other hand, Armani could have sued as the plaintiff, appearing through Mr. Stern as guardian ad litem. Consequently, the dispositive question for purposes of the motion to change venue is: In what capacity did Mr. Stern appear? If Mr. Stern in fact sued on behalf of Armani in his guardian ad litem capacity, *Roberts* controls. If, on the other hand, he brought suit as the actual plaintiff, in his guardian of the estate capacity, then *Roberts* is immaterial.

We note first that the caption identifies the plaintiff as "THOMAS M. STERN, as GUARDIAN OF THE ESTATE OF ARMANI WAKEFALL, a Minor." In the allegations describing the parties, the first paragraph states: "Plaintiff, Thomas M. Stern, is the duly appointed Guardian of the Estate of Armani Wakefall, a minor." The second paragraph, however, alleges as well that "[p]laintiff is also the duly appointed Guardian *Ad Litem* for Armani Wakefall, a minor." A section of the complaint labeled the "Claim for Relief" alleges that "Plaintiff Tom Stern, as Guardian of the Estate of Armani Wakefall and as Guardian *Ad Litem* for Armani Wakefall for purposes of this case, relies upon all of the allegations of this complaint." The Prayer for Relief, however, asks that Mr. Stern "have and recover as Guardian of the Estate for Armani Wakefall a judgment against the defendant in an amount in excess of $10,000."

We note further that in the 2007 litigation, prior to Mr. Stern's being appointed guardian of the estate, the caption identified the plaintiff as "THOMAS M. STERN, Guardian *Ad Litem* for ARMANI WAKEFALL, Minor Child." Likewise, in federal litigation regarding the validity of a lien asserted by the North Carolina Department of Health and Human Services, also filed prior to Mr. Stern's being named guardian of the estate, the caption identified the plaintiffs as "A. W. IRREVOCABLE SPECIAL NEEDS TRUST; A. W., a minor, by and through her guardian ad litem, THOMAS M. STERN."

Given that, in this case, the caption and the prayer for relief both indicate that Mr. Stern has sued in his capacity as guardian of the estate and that when Mr. Stern has chosen to sue in his capacity as guardian ad litem, he has specifically indicated that fact in the caption, we hold that Mr. Stern has brought this action on his own behalf

as guardian of Armani's estate and not as a guardian ad litem. *Cf. Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 724-25 (1998) (holding that in determining capacity in which defendant was sued, it is appropriate to consider course of proceedings and allegations in complaint, including caption, section identifying parties, claim for relief, and prayer for relief). Because Mr. Stern has *not* sued in his capacity as guardian ad litem, *Roberts*, which only addresses venue based on a guardian ad litem's residence, does not control.

Instead, *Lawson v. Langley*, 211 N.C. 526, 528, 191 S.E. 229, 231 (1937), is the dispositive precedent. In *Lawson*, the individual appointed guardian for a person adjudicated incompetent filed suit for personal injuries sustained by his ward. The Supreme Court acknowledged that an incompetent person could appear only through a general or testamentary guardian or, if he or she had no guardian, "by their next friend"—the equivalent of the modern-day guardian ad litem. *Id.* at 529, 191 S.E. at 231. The defendants argued—identically to defendant in this case—that because the incompetent or infant is the real party in interest and not the guardian or next friend, the guardian's residency could not be the basis for venue. *Id.*

In rejecting that argument, the Supreme Court held that "[f]iduciaries are not the real parties in interest, yet they can bring an action for the real beneficiaries" and cited the statutes authorizing guardians to bring suit to assert claims on behalf of the ward's estate. *Id.* at 530, 191 S.E. at 232. The Court pointed out that compensation for the personal injuries belongs to the estate and the statute authorizes a guardian to bring all necessary actions for the estate. *Id.* The Court then held that when a guardian acting under that statute does bring suit for the estate, "he can do this in the county of his personal residence." *Id.* The Court, therefore, reversed the trial court's order transferring venue because "the plaintiff, guardian of an incompetent, [does] have the right to maintain and try the action in the county of his personal residence[.]" *Id.* at 528, 191 S.E. at 231.

This Court in *Roberts* distinguished *Lawson* on the grounds that it addressed a guardian and not a guardian ad litem. *See Roberts*, ____ N.C. App. at ____, 703 S.E.2d at 787 (noting that a general guardian is one who had general care and control of ward's person and estate while guardian ad litem is appointed to appear on behalf of incompetent and minor party only for purposes of that suit). *Lawson* noted this same distinction between guardians authorized to sue and next friends.

Here, like the guardian in *Lawson*, Mr. Stern is not appearing simply as a guardian ad litem for purposes of this action, but rather has sued under the statute authorizing the guardian of the estate to manage Armani's estate, "[t]o maintain any appropriate action," and to "sue on . . . any other claims in favor of . . . the ward." N.C. Gen. Stat. § 35A-1252(3). In accordance with *Lawson*, Mr. Stern had "the right to maintain and try the action in the county of his personal residence." *Lawson*, 211 N.C. at 528, 191 S.E. at 231. We must, therefore, reverse the order granting defendant's motion for change of venue.

Reversed.

Judges STEELMAN and ROBERT N. HUNTER, JR. concur.