ROBERT WOOTEN v. JOHN S. MAULTSBY and A. MUNROE.

A judgment is rendered on a note against the maker, B, a citizen of Cumberland, in favor of the payee A, a citizen of Lenoir; the judgment is assigned, and after assignment, C, also a citizen of Lenoir, writes his name across the back of the note. In a suit by the assignee against B and C on the judgment: *Held*, that B and C were improperly joined in the action: *Held further*, that if C's name had been stricken from the process the Justice had no jurisdiction.

CIVIL ACTION, commenced in a Jusice's Court and carried by appeal to the Superior Court of LENOIR county, where it was tried before his Honor, *Clarke, J.*, at the Spring Term, 1873, of said Court.

All the facts pertinent to the point decided, and which are necessary to an understanding of the decision, are fully stated in the opinion of the Court.

Below the jury found a verdict in favor of the plaintiff. Judgment thereon, and appeal by defendant.

*Merrimon, Fuller & Ashe*, for appellant.
No counsel *contra* in this Court.

RODMAN, J. This action began against Munroe and Maultsby by warrant from a Justice of the Peace in Lenoir county, in which Munroe lived. Maultsby lived in Cumberland county, and the warrant was certified to that county by the clerk of the Superior Court of Lenoir, and executed by the sheriff in Cumberland.

The cause of action was a Justice's judgment obtained against Maultsby by Clark & Woodward on the 2d of November, 1855, for $44.40 and costs, upon which several payments were afterwards made. The judgment was on a note payable to Clark & Woodward, and in 1872, long after judgment had been recovered on it, and after the judgment had been assigned to the plaintiff, Munroe wrote his name on the back of the note. The plaintiff recovered judgment

before the Justice against both the defendants. Maultsby appealed to the Superior Court, and there a *nolle prosequi* was entered as to Munroe.

The defendant Maultsby contended:

1. That he and Munroe were improperly joined as defendants, the causes of action being distinct and separate.

2. That the process against him was void or irregular, and the Justice of Lenoir had no jurisdiction.

The makers and endorsers of bills of exchange and promissory notes, or any of them, may be joined as defendants, C. C. P., sec. 63. But Munroe was not the endorser of a promissory note. The note had long before been merged in the judgment, it was no longer negotiable or capable of endorsement. If he made any contract with the plaintiff at all, it was one of guaranty, which was altogether distinct from the obligation of Maultsby, and with which he had no connection. Maultsby never promised either expressly or by implication to Munroe.

The joinder is not allowed by sec. 126, C. C. P., and was good ground for demurrer. The *nol. pros.* as to Munroe did not cure the original fault. An amendment by striking out the name of Munroe altogether, would have done so. But that would leave no color of authority for the issuing the process to the county of Cumberland under the Act of 1871–'72, chap. 60, p. 100.

It certainly seems as if the joining of Munroe as a defendant, was an attempt irregularly to bring Maultsby before a Court which had no jurisdiction to try him. The Superior Court should have sustained the demurrer, and if the plaintiff amended, then set aside the process as irregular, and dismissed the action.

PER CURIAM. Judgment reversed, and action dismissed.