LILLY & BRO. *v.* ARCHIBALD PURCELL.

*Justices of the Peace—Jurisdiction.*

The act of 1876–'7, ch. 287, ousting the jurisdiction of Justices of the Peace in civil actions where none of the defendants reside in the Justice's county, does not apply to an action commenced before the passage of the act.

(*Wooten* v. *Maultsby,* 69 N. C. 462 ; *Sossamer* v. *Hinson,* 72 N. C. 578, cited, distinguished and approved.)

CIVIL ACTION, commenced before a Justice of the Peace, and tried on appeal, at June Term, 1877, of NEW HANOVER Superior Court, before *Seymour, J.*

Upon the trial before the Justice, the defendant moved to dismiss the action for want of jurisdiction, because there was only one defendant, and he resided in a County other than that of the Justice. This motion was overruled and judgment given against the defendant for the amount of the note sued on, and the defendant appealed to the Superior Court, and His Honor affirmed the ruling of the Justice. Judgment. Appeal by defendant.

*Messrs. Wright & Stedman,* for plaintiff.
*Messrs. McNeil & McNeil,* for defendant.

FAIRCLOTH, J. The plaintiff, a citizen of New Hanover County, brought this action before a Justice of the Peace in said County, against the defendant, a citizen of Robeson County, by sending process to the latter County, as provided by statute in certain cases. Did the Justice have jurisdiction?

In *Wooten* v. *Maultsby,* 69 N. C, 462, it is said there was no such jurisdiction ; but that was not the main question involved in that case, and it was probably not discussed. In

*Sossamer* v. *Hinson*, 72 N. C. 578, it was held that the Justice had jurisdiction under a proper construction of Bat. Rev. ch. 63 § 50, and so the law continued until the Act of 1876–'77, ch. 287, ratified March 12th, 1877, after the present action was commenced; which Act in explicit terms takes away jurisdiction in a case like the present. Let judgment be entered here for the plaintiff according to the judgment below.

No error.

PER CURIAM.                        Judgment affirmed.