JOHN FISHER v. HENRY BULLARD.

*Burning Woods—Penalty—Jurisdiction — Venue.*

*The Code,* § 191, providing that actions for the recovery of penalties, must be brought in the county where the cause of action arose, applies to those actions of which the Superior Court has jurisdiction; it does not embrace those within the jurisdiction of Justices of the Peace.

CIVIL ACTION, on appeal from a Justice of the Peace, tried at May Term, 1891, of CUMBERLAND Superior Court, *Armfield, J.,* presiding.

*Mr. F. R. Cooper,* for plaintiff.
No counsel *contra.*

CLARK, J.: This was a civil action, begun before a Justice of the Peace in Cumberland County against a defendant residing in said county, to recover the penalty of $50, incurred under *The Code,* §§ 52, 53, by any one setting fire to any woods not his own property. The woods burnt lay wholly in Sampson. The defendant moved to dismiss for want of jurisdiction, which was refused, and judgment given against him. On appeal to the Superior Court, the motion was renewed in that Court on the same ground and allowed.

*The Code,* § 871, forbids a Justice to issue process to any county other than his own, unless there is more than one *bona fide* defendant, and one of them shall reside in another county. That not being the case here, a Justice of the Peace in Sampson could not reach the defendant so that the case might be tried there, unless he happened to be caught in Sampson. The provision for endorsing warrants issued in another county, *The Code,* § 1136, is restricted to criminal cases.

The Justice of the Peace in Cumberland having jurisdiction of the person of the defendant, by service of process upon him, and of the subject-matter—a penalty of fifty dollars—was a proper officer before whom to bring the action, unless there is some statute forbidding it. It is claimed that this is done by *The Code,* § 191, which provides that an action for the recovery of a penalty must be brought in the county where the cause of action arose. But it must be noted that section 191 is in the Code, chap. 10 (commonly known as the Code of Civil Procedure), which is applicable to proceedings in the Superior Courts. Section 871, *supra,* is in chapter 22 of *The Code,* which relates to Justice's Courts. By section 840, rule 15, the Code of Civil Procedure, respecting forms of action, parties to actions, times of commencing actions and service of process is made applicable to Justice's Courts. By sections 849, 853 and 889, the provisions of the Code of Civil Procedure as to arrests and bail, attachments and claim and delivery, were made applicable to such proceedings in the Justice's Court, but we do not find any statute making the provisions of the Code of Civil Procedure as to place of trial (in which is the above section 191) applicable to trials before a Justice.

The Justice of the Peace in Cumberland County, therefore, had jurisdiction, and in granting the motion to dismiss there was error.

Error.