W. D. AUSTIN v. J. W. LEWIS & CO. AND HASTY & THOMAS.

(Filed 1 November, 1911.)

1. Courts, Justices'—Action on Contract—Nonresident Defendants —Bona Fide Residents—Motion to Dismiss—Procedure.

For a justice of the peace to acquire jurisdiction in an action upon contract against a nonresident of that county there must be other *bona fide* resident defendants; and when it appears that a nonresident of the county has been thus sued with other defendants, who are residents, but not *bona fide* parties, he may subsequently move to dismiss the action in the justice's court and again on appeal in the Superior Court.

2. Same—Pleadings.

In an action upon contract for the sale of lumber at a certain sum, brought before a justice of the peace, it was alleged and claimed that it was delivered to H. & T. for one L., a nonresident, to whom it was duly shipped; that L. had received it and plaintiff had been paid through H. & T., excepting a certain balance, the amount in controversy: *Held,* the action should have been dismissed upon the motion of L., he being a nonresident of the county, and it appearing that H. & T. were not *bona fide* defendants. Revisal, secs. 1449, 1450.

ALLEN, J., dissenting.

APPEAL by defendants from *Ferguson, J.,* at August Term, 1911, of UNION.

The facts are sufficiently stated in the opinion by *Mr. Chief Justice Clark.*

*Williams, Lemmond & Love* for *plaintiff.*
*Stack & Parker* for *defendant.*

CLARK, C. J. This action was begun before a justice of the peace in Union County to recover $80. The defendants as recited in the warrant are J. W. Thomas and J. W. Hasty, both of Union County, and J. W. Lewis of Mecklenburg County.

The plaintiff filed a complaint before the justice reciting that he had sold to the defendant Lewis two car-loads of lumber at the sum of $12.50 per thousand, and delivered the same to said Hasty and Thomas for the said Lewis, to whom it was duly shipped; that the said Lewis had received the same and had paid the plaintiff through said Hasty and Thomas $224.01, leaving a balance due of $82.39. The defendant Lewis entered a special appearance and filed a motion to dismiss because it appeared upon the summons that he was a resident of Mecklenburg; that the sum demanded under alleged contract was under $200, and that it appeared upon the face of the complaint that no cause of action was stated against Hasty or Thomas nor any allegation connecting them with Lewis or alleging any liability on their part, and that joining them in the action was a fraud upon the jurisdiction of the court. The motion to dismiss the action was overruled, and was renewed upon appeal in the Superior Court, and was again denied.

The motion to dismiss should have been granted. Lewis being a nonresident of Union, could not be sued in that county unless there were other *bona fide* defendants residing in said county. Revisal, 1447. The complaint states no cause of action against either Hasty or Thomas.

Originally, a justice of the peace had no authority to issue any process to any other county but his own. He was authorized to do so in certain instances by chapter 60, Laws 1870, now Revisal, 1449, 1450. *Fertilizer Co. v· Marshburn,* 122 N.

C., 414. This authority became much abused. Claims and notes were assigned to a resident of a distant county and thereupon action would be brought before a justice of the peace against nonresident defendants, who would submit to judgment by default rather than attend. Indeed, it was not necessary that the plaintiff should reside in such county. *Sossamer v. Hinson,* 72 N. C., 578. Thereupon the act of 1876-7, ch. 287, now Revisal, 1447, was passed, which requires that one or more *bona fide* defendants shall reside in the county. *Lilly v. Purcell,* 78 N. C., 82. Neither Hasty nor Thomas are *bona fide* defendants, and the justice did not have jurisdiction.

Action dismissed.