ALBERT DIXON v. JOHN HAAR.

(Filed 13 March, 1912.)

1. **Register of Deeds—Marriage License—Venue.**

   An action for the penalty against a register of deeds for unlawfully issuing a marriage license under Revisal, 2090, should be tried in the county wherein the cause of action arises. Revisal, 420 (2).

2. **Same—Removal of Cause—Practice—Jurisdiction.**

   When an action for the penalty sought against a register of deeds for unlawfully issuing a marriage license is brought in the wrong county, Revisal, 420 (2), it should be removed and not dismissed; and when after the refusal of a justice of the peace to remove the cause to the proper county and on appeal the motion is renewed in the Superior Court, the judge should order the cause removed to the proper county, and not remand it to the justice who had wrongfully assumed jurisdiction.

3. **Register of Deeds—Marriage License—Defect of Venue—Jurisdiction.**

   A justice of the peace has jurisdiction of an action against a register of deeds for unlawfully issuing a marriage license, and when service is made in the wrong county, the defect is one of venue, and not of jurisdiction.

4. **Same—Appeal and Error—Premature Appeal.**

   An appeal from the refusal of the Superior Court judge to remove a case to the proper county (Revisal, sec. 420, 2), wherein a penalty is sought against a register of deeds for unlawfully issuing a marriage license (Revisal, sec. 2090), is not premature.

APPEAL from *G. W. Ward, J.,* at November Term, 1911, of DUPLIN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Kerr & Gavin for plaintiff.*
*Stevens, Beasley & Weeks for defendant.*

CLARK, C. J. This action was begun before a justice of the peace in Duplin County by the plaintiff, who lived in that county, against the defendant, Register of Deeds of New Hanover, to recover the penalty of $200, under Revisal, 2090, for unlawfully issuing a marriage license. The summons was served upon the defendant, who happened to be in Duplin County.

The justice refused the motion to remove the action for trial from Duplin to New Hanover, and rendered judgment against defendant, from which he appealed to the Superior Court. On appeal, the defendant moved in the Superior Court to dismiss the action, and also to remove it to New Hanover. Both motions being refused, the defendant appealed. Revisal, 420 (2), provides that an action against a public officer "for an act done by him by virtue of his office must be tried in the county in which the cause of action arose." Revisal, 425 (1), provides: "When the county designated for that purpose is not the proper county," the action should be removed, not dismissed.

The statute is explicit that such action should be "tried" in New Hanover, and having been wrongly brought in Duplin, it should have been removed to New Hanover. It is true that, as held in *Fisher v. Bullard*, 109 N. C., 574, there is no defect of jurisdiction, since the magistrate had jurisdiction of the subject-matter (being a penalty for not more than $200), and service had been made upon the defendant. The defect was one of *venue*. The justice of the peace having declined to remove it, when the action got into the Superior Court, that court having full jurisdiction to try it, the cause should not have been dismissed, nor remanded to the justice of the peace, but it should have been removed to the county of New Hanover, that being the proper order under Revisal, 425 (1).

In *Fisher v. Bullard, supra,* the action was brought in the county where the defendant resided, and while the act for which the penalty in suit was incurred was the burning of the woods in another county, it would have been difficult to have enforced the penalty, since the act authorizing the indorsement of the warrant of a justice of the peace by a justice of another county, except under Revisal, 1449, 1450, applies only in criminal cases. The motion in that case that was presented before

the justice and on appeal was not a motion to remove, but a motion to dismiss, and the Court held merely that the latter motion was properly refused. If the motion had been to remove, our conclusion should and, doubtless, would have been different.

In *Austin v. Lewis,* 156 N. C., 461, the action was begun in Union County, before a justice of the peace against a nonresident of that county by warrant issued to another county, when there was no *bona fide* defendant living in the county of the justice. This was in violation of the act of 1876 and 1877, now Revisal, 1447, which was enacted to forbid such practice which had led to serious abuses, and the Court held that in such case there was a defect of jurisdiction and hence dismissed the action. There was no valid warrant or service in that case. Here both were valid, but the action was triable, *i. e.,* the venue, was in New Hanover.

The present case, therefore, differs from both the above. *Wooten v. Maultsby,* 69 N. C., 462, was a case similar to *Austin v. Lewis, supra,* and it was held that the justice of the peace acquired no jurisdiction, the warrant having been served in another county without any law which authorized such service. In *Lilly v. Purcell,* 78 N. C., 82, the Court held differently under the act of 1870, but pointed out that under the act of 1876-7, now Revisal, 1447, which restored the law as it was prior to 1870, the Court would have no jurisdiction. This ruling was followed by us in *Austin v. Lewis, supra.* In this latter class of cases, in which the warrant is attempted to be served by issuing it to another county, the action is forbidden when there is no *bona fide* defendant in the county where the justice resides and a removal would not give the relief against abuse which was sought by the statute. In such cases there is a defect of jurisdiction, and not merely of venue.

The appeal from the refusal of the motion to remove the cause to the proper county was not premature. *Brown v. Cogdell,* 136 N. C., 32, and cases there cited.

Reversed.