CORPORATION COMMISSION *v.* BANK; LUMBER COMPANY *v.* STAVE COMPANY.

NORTH CAROLINA CORPORATION COMMISSION v. BANK OF HYDE, BRANCH BANK AND TRUST COMPANY, RECEIVER.

(Filed 12 September, 1928.)

**Appeal and Error—Review—Burden of Showing Error.**

The burden of showing error on appeal to the Supreme Court is on the appellant.

APPEAL from *Barnhill, J.,* at May Term, 1928, of HYDE.   Affirmed.

*Ehringhaus & Hall and C. B. Spencer for appellant.*
*Miley C. Glover and Finch & Rand for appellee.*

PER CURIAM.   C. L. Bell, clerk of the Superior Court of Hyde County made a motion in the above-entitled cause "to have a certain sum of money, to wit, $2,172.78, on deposit in the defunct Bank of Hyde declared a trust fund and a preferred lien against the assets of the Bank of Hyde and an order directing that same be paid as a preferred claim."

In the findings of fact by the court below it appears that "Trial by jury was expressly waived and the parties agreed that the court should hear and determine the facts as well as the law and enter such judgment as to him should appear proper.   After hearing the evidence offered by the petitioner, the court found as a fact that the deposit made by the petitioner was not such a special deposit as entitled the petitioner to priority in payment out of the assets of the defunct bank, and entered judgment accordingly."

The court below found the facts upon which it based its judgment. The burden is on appellant to show error.

From a careful reading of the record and the authorities cited in the briefs, we are of the opinion that the judgment below must be

Affirmed.

FOREMAN-BLADES LUMBER COMPANY v. TUNIS HEADING AND STAVE COMPANY.

(Filed 12 September, 1928.)

**Venue—Nature or Subject of Action.**

An action for wrongful conversion of severed timber is not removable as a matter of right to the county in which the land from which the trees were severed is situated.

APPEAL by defendant from *Barnhill, J.,* at March Term, 1928, of PASQUOTANK.

*W. D. Boone for appellant.*
*McMullan & LeRoy for appellee.*

PER CURIAM. As we interpret the amended complaint the alleged cause of action is the wrongful conversion of timber, situated on land in Gates County, after the trees had been cut and sawed into lumber. In apt time the defendant made a motion to change the place of trial from Pasquotank to Gates. C. S., 470; *Dixon v. Haar,* 158 N. C., 341. The motion was denied, and the defendant excepted and appealed. The judgment denying the motion is free from error. *Cedar Works v. Lumber Co.,* 161 N. C., 604. Judgment

Affirmed.