JOSEPH CALDWELL AND WIFE, SUZANNE CALDWELL, PLAINTIFFS v. DENNIS G. SMITH, AND WIFE, SHIRLEY SMITH, DUANNE TINSLEY AND WIFE, WENDY TINSLEY, AND ENVIRO-MED INDUSTRIES, LLC, D/B/A SUNSHIELD COATINGS USA, DEFENDANTS

No. COA09-1040

(Filed 4 May 2010)

**Venue— motion to change—improperly denied**

The trial court erred by denying defendants' motion to change venue because N.C.G.S. §§ 1-77 and 1-79 were not applicable and none of the parties resided in Dare County at the commencement of the action. The trial court was required to order a change of venue as demand was properly made and the action was brought in the wrong county.

Appeal by defendants from an order entered 4 May 2009 by Judge Walter H. Godwin, Jr., in Dare County Superior Court. Heard in the Court of Appeals 3 December 2009.

*Dixon & Dixon, PLLC, Law Offices, by David R. Dixon, for plaintiff-appellees.*

*Patrick, Harper & Dixon, LLP, by David W. Hood, for defendant-appellants.*

HUNTER, JR., Robert N., Judge.

Defendants appeal from the trial court's order denying their motion for change of venue as of right. Defendants timely filed their motion for change of venue in their answer on the basis that the action was filed by plaintiffs in the wrong county, as no party resided in Dare County at the commencement of the civil action. With regard to defendants' appeal, our Court has held that "the trial court has no discretion in ordering a change of venue if demand is properly made and it appears that the action has been brought in the wrong county." *Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975). As we agree with defendants, we reverse and remand this case to the trial court for removal to the proper county.

## I. Background

On 13 August 2008, plaintiffs, Joseph and Suzanne Caldwell, filed a complaint against defendants in Dare County alleging six causes of action including: (1) three violations of Chapter 66 of the North

**CALDWELL v. SMITH**

[203 N.C. App. 725 (2010)]

Carolina General Statutes under N.C. Gen. Stat. §§ 66-95, 66-98, and 66-99 (2009); (2) a violation of Chapter 75 under the Unfair and Deceptive Trade Practices Act; (3) unjust enrichment; and (4) fraud.

Plaintiffs declared in their complaint that they are currently citizens of St. Meinard, Indiana, but allege that they were formerly residents of Dare County, North Carolina. Plaintiffs also declared that defendant Sunshield Coatings USA is a North Carolina Limited Liability Company located in Rutherford County, North Carolina. Plaintiffs do not make any allegations regarding the county of residency of defendants Dennis G. Smith, Shirley Smith, Duanne Tinsley, and Wendy Tinsley. However, in paragraph 3 of the complaint, plaintiff alleges that the cause of action arose in Dare County by alleging that:

> Defendants, Dennis G. Smith and wife, Shirley Smith, and Duanne Tinsley and wife, Wendy Tinsley, are citizens of North Carolina and during relevant times contacted the Plaintiffs in Dare County, in person, by telephone, and through other means of communication.

On 24 October 2008, defendants, Dennis and Shirley Smith and Sunshield Coatings USA,[1] filed an answer and motion for change of venue to Rutherford County. Defendants' second defense was for removal of the civil action due to improper venue on the grounds that none of the parties are residents of Dare County. In support of the motion to change venue, on 23 April 2009 defendant Duanne Tinsley submitted an affidavit wherein he provided a sworn statement that "Dennis G. Smith and Shirley Smith live in Rutherford County, North Carolina, defendants Duanne Tinsley and Wendy Tinsley live in Burke County, North Carolina, and defendant Enviro-Med Industries, LLC, d/b/a Sunshield Coatings USA is a North Carolina Limited Liability Company with its principal place of business in Rutherford County, North Carolina."

Defendants' motion to change venue was heard on 27 April 2009 by the Dare County Superior Court. Superior Court Judge Walter H. Godwin, Jr., denied defendants' motion in an order filed 4 May 2009. Defendants properly filed notice of appeal from the superior court's order with the Clerk of Dare County on 22 May 2009.

## II. Motion to Change Venue

On appeal, defendants contend that venue is improper in Dare County, North Carolina, because N.C. Gen. Stat. §§ 1-77 and 1-79

---

1. Defendants, Duanne Tinsley and Wendy Tinsley, were not listed as parties to the Answer because they had not been served with summons and complaint on 26 October 2008 when the Answer and Motion for Change of Venue was filed.

CALDWELL v. SMITH

[203 N.C. App. 725 (2010)]

(2009) are not applicable to the present case and none of the parties resided in Dare County at the commencement of the action. We agree.

Defendants' appeal of the trial court's order denying their Motion to Change Venue is interlocutory as it "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Generally, there is no right to appeal an interlocutory order, unless the trial court's decision affects a substantial right of the appellant which would be lost absent immediate review. *Boynton v. ESC Med. Sys., Inc.*, 152 N.C. App. 103, 105-06, 566 S.E.2d 730, 731 (2002). The denial of a motion for change of venue, though interlocutory, affects a substantial right and is immediately appealable where the county designated in the complaint is not proper. *See Dixon v. Haar*, 158 N.C. 341, 341, 74 S.E. 1, 2 (1912); *Hawley v. Hobgood*, 174 N.C. App. 606, 608, 622 S.E.2d 117, 119 (2005); *McClure Estimating Co. v. H.G. Reynolds Co., Inc.*, 136 N.C. App. 176, 178-79, 523 S.E.2d 144, 146 (1999); *DesMarais v. Dimmette*, 70 N.C. App. 134, 136, 318 S.E.2d 887, 889 (1984). Therefore, we review defendants' appeal pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2009), as delaying the appeal would prejudice a substantial right of defendants.

Our Court has interpreted the language of N.C. Gen. Stat. § 1-83 to require the trial court to order a change of venue " 'if demand is properly made and it appears that the action has been brought in the wrong county.' " *Hawley*, 174 N.C. App. at 609, 622 S.E.2d at 120 (citation omitted); *see also Miller v. Miller*, 38 N.C. App. 95, 97, 247 S.E.2d 278, 279 (1978) ("The provision in N.C.G.S. § 1-83 that the court 'may change' the place of trial when the county designated is not the proper one has been interpreted to mean 'must change.' ").

Generally, absent an applicable specific statutory provision, venue is proper in the county in which any party is a resident at the commencement of the action. N.C. Gen. Stat. § 1-82 (2009). Plaintiffs commenced the present civil action by filing the complaint in Dare County where they assert that the cause of action arose. Plaintiffs contend that venue is proper where the cause of action arose pursuant to N.C. Gen. Stat. §§ 1-77(1) and 1-79(a).

N.C. Gen. Stat. § 1-77(1) provides that venue is proper in the county where the cause of action arose where a party is seeking

[r]ecovery of a penalty or forfeiture, imposed by statute; except that, when it is imposed for an offense committed on a sound,

bay, river, or other body of water, situated in two or more counties, the action may be brought in any county bordering on such body of water, and opposite to the place where the offense was committed.

In their brief, plaintiffs argue that their complaint seeks recovery of a penalty sanctioned by N.C. Gen. Stat. § 75-16 (2009) for Unfair and Deceptive Trade Practices. Based on this Court's decision in *Holley v. Coggin Pontiac*, 43 N.C. App. 229, 259 S.E.2d 1 (1979), we conclude that plaintiffs' argument is misplaced.

In *Holley* this Court held that the Unfair and Deceptive Trade Practices Act is not a penal statute " ' "prosecuted for the *sole* purpose of punishment, and to deter others from acting in a like manner." ' " 43 N.C. App. at 237, 259 S.E.2d at 7 (citation omitted). The Court explained that punishment is not the *sole* purpose of the treble damages provision of the Act, as the act has at least three major purposes:

(1) to serve as an incentive for injured private individuals to ferret out fraudulent and deceptive trade practices, and by so doing, to assist the State in enforcing the act's prohibitions; (2) to provide a remedy for those injured by way of unfair and deceptive trade practices; and (3) to serve as a deterrent against future violations of the statute.

*Id.* "Having multiple objectives of which some are not penal in nature, the statute cannot be deemed a penal statute . . . ." *Id.*; *see Huntington v. Attrill*, 146 U.S. 657, 667, 36 L. Ed. 1123, 1127-28 (1892). Applying *Holley* to the present case, plaintiff's claim pursuant to Chapter 75 does not constitute a claim for recovery of a penalty such that venue would be proper in the county where the cause of action arose.

Moreover, N.C. Gen. Stat. § 1-79(a) provides

(a) For the purpose of suing and being sued the residence of a domestic corporation, limited partnership, limited liability company, or registered limited liability partnership is as follows:

(1) Where the registered or principal office of the corporation, limited partnership, limited liability company, or registered limited liability partnership is located, or

(2) Where the corporation, limited partnership, limited liability company, or registered limited liability partnership maintains a place of business, or

(3) If no registered or principal office is in existence, and no place of business is currently maintained or can reasonably be found, the term "residence" shall include any place where the corporation, limited partnership, limited liability company, or registered limited liability partnership is regularly engaged in carrying on business.

Pursuant to the aforementioned statute, plaintiffs argue that venue is proper in Dare County based on their contention that defendant Enviro-Med Industries LLC d/b/a Sunshield Coatings USA is a limited liability company that maintains a place of business in Dare County. With regard to plaintiffs' contention, we note that plaintiffs' complaint does not allege that defendant limited liability company resides, or has a place of business, in Dare County. In fact, paragraph 2 of plaintiffs' complaint alleges that defendant Enviro-Med Industries, LLC d/b/a Sunshield Coatings USA is a limited liability company of Mill Spring, North Carolina in Rutherford County. Moreover, paragraph 1 alleges that plaintiffs are citizens of St. Meinard, Indiana, but are formerly of Dare County, North Carolina. In addition, defendant Duanne Tinsley's sworn affidavit in support of the motion to change venue provided that defendants Dennis G. Smith and Shirley Smith live in Rutherford County, North Carolina and defendants Duanne Tinsley and Wendy Tinsley live in Burke County, North Carolina. North Carolina venue is determined at the commencement of the action, as denoted by the filing of the complaint. *See* N.C. Gen. Stat. § 1-82 (2009). Therefore, regardless of whether N.C. Gen. Stat. §§ 1-79 or 1-82 is applied, venue is improper in Dare County because, according to plaintiffs' complaint and defendant Duanne Tinsley's undisputed sworn affidavit, no party resided in that county at the commencement of the action.

As noted above, the trial court has no discretion in ordering a change of venue if it appears that the action has been brought in the wrong county. *See Swift & Co.*, 26 N.C. App. at 495, 216 S.E.2d at 465. Accordingly, we reverse the trial court's order and remand the case for removal of the action to the proper county.

Reversed and remanded.

Judges STROUD and ERVIN concur.