PEDRO L. MARTINEZ, Plaintiff v. UNIVERSITY OF NORTH CAROLINA, Defendant

No. COA12-396

(Filed 20 November 2012)

### 1. Immunity—sovereign—breach of contract—university salary

Trial court erred in dismissing plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(2) where plaintiff filed a breach of contract action concerning his salary after he moved from being provost of Winston-Salem State University to a full time faculty position. Defendant waived its sovereign immunity on a claim for breach of contract by entering into a contract with plaintiff regarding employment and salary.

### 2. Jurisdiction—failure to exhaust administrative remedies—breach of contract—university salary

The trial court erred in dismissing plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(1) where plaintiff filed a breach of contract action concerning his salary after moving from

provost of Winston-Salem State University to a full time faculty position. An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies; here, it is clear from the record that plaintiff exhausted the administrative remedies available to him by initiating a grievance with the faculty grievance committee, an appeal with the provost, and a further appeal with the chancellor.

**3. Contracts—university salary—claim for breach—sufficiently stated**

The trial court erred in dismissing plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff filed a breach of contract claim concerning his salary after he moved from being provost of Winston-Salem State University to being a full-time faculty member. When viewed as admitted, plaintiff's allegations stated a valid claim for breach of contract.

Appeal by plaintiff from order entered 18 January 2012 by Judge Anderson D. Cromer in Guilford County Superior Court. Heard in the Court of Appeals 10 October 2012.

*David B. Puryear of PURYEAR & LINGE PLLC, attorney for plaintiff.*

*Attorney General Roy Cooper, by Assistant Attorney General Brian R. Berman, for The University of North Carolina.*

ELMORE, Judge.

Pedro L. Martinez (plaintiff) appeals from an order granting a motion to dismiss in favor of The University of North Carolina (defendant). We reverse and remand.

In August 2008, plaintiff was employed as provost of Winston Salem State University (WSSU), a constituent institution of defendant. Sometime that month, plaintiff was approached by the chancellor of WSSU and asked to resign from his position as provost, and to accept a full-time faculty position. Plaintiff agreed, and he entered into a written contract with WSSU (the contract). The contract, titled "Settlement Agreement," governed the terms of plaintiff's transition from provost to full-time faculty member. The contract provided that plaintiff "shall continue to receive full administrative annual salary of $180,000.00 . . . from September 1, 2008 and ending June 30, 2009,"

after which, plaintiff would then "retreat to the Faculty of the School of Education at a salary commensurate with comparable salaries of senior faculty in the School of Education as determined at that time."

In May 2009, WSSU notified plaintiff that he would be paid an annual salary of $85,000.00 per year as a full-time faculty member. However, plaintiff was not satisfied with that salary. According to plaintiff, that amount was "not a salary commensurate with salaries paid to other senior tenured faculty members employed by defendant who have retreated from an administrative position[.]" Plaintiff then initiated a grievance, and a faculty grievance committee investigated his argument. The committee determined that plaintiff's salary was appropriate, and plaintiff appealed this decision to the new provost of WSSU. The new provost affirmed the decision on 1 March 2010. Plaintiff then continued his appeal to the chancellor of WSSU, who also affirmed the decision on 23 March 2010.

On 17 May 2011, plaintiff filed suit against defendant for 1) breach of contract and 2) violation of the Wage and Hour Act. However, on 14 September 2011, plaintiff amended his complaint, alleging only a claim for breach of contract. On 21 September 2011, defendant filed a motion to dismiss 1) pursuant to Rules 12(b)(1) and (2) of the North Carolina Rules of Civil Procedure under the theory of sovereign immunity and 2) pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted. On 18 January 2012, the trial court entered an order granting defendant's motion. Plaintiff now appeals.

## II. Arguments

### A. Sovereign immunity

Plaintiff first argues that the trial court erred in dismissing his amended complaint pursuant to Rules 12(b)(1) and (2) because defendant waived its sovereign immunity. We agree.

#### i. 12(b)(2)

[1] "[A]n appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction[.]" *Data Gen. Corp. v. Cnty. of Durham*, 143 N.C. App. 97, 100, 545 S.E.2d 243, 245-46 (2001) (citations omitted). We must review the record to determine whether there is evidence to support the trial court's determination that exercising its jurisdiction would be appropriate. *See Stacy v. Merrill*, 191 N.C. App. 131, 134,

664 S.E.2d 565, 567 (2008) (Holding that "[t]he standard of review of the trial court's decision to grant a motion to dismiss under Rule 12(b)(2) is whether the record contains evidence that would support the court's determination that the exercise of jurisdiction over defendants would be inappropriate.").

It is a well established rule that "[t]he State cannot be sued in its own courts or elsewhere unless it has expressly consented to such suits." *Stahl-Rider, Inc. v. State*, 48 N.C. App. 380, 383, 269 S.E.2d 217, 219 (citation omitted). However, our Supreme Court has held that

> whenever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract. Thus, in this case, and in causes of action on contract arising after the filing date of this opinion, 2 March 1976, the doctrine of sovereign immunity will not be a defense to the State. The State will occupy the same position as any other litigant.

*Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976) (citation omitted).

Here, defendant, an agency of the State, entered into a contract with plaintiff regarding employment and salary. As such, defendant waived its sovereign immunity to suit based on a claim for breach of that contract. Accordingly, we conclude that the trial court erred in dismissing plaintiff's complaint pursuant to Rule 12(b)(2).

i. 12(b)(1)

[2] Likewise, we also conclude that the trial court erred in dismissing plaintiff's complaint pursuant to Rule 12(b)(1). "An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. An appellate court's review of such a dismissal is *de novo*." *Johnson v. Univ. of N.C.*, 202 N.C. App. 355, 357, 688 S.E.2d 546, 548 (2010) (quotations and citations omitted).

Here, it is clear from the record that plaintiff exhausted the administrative remedies available to him. Before filing suit, plaintiff initiated a grievance with the faculty grievance committee, an appeal with the provost, and a further appeal with the chancellor.

MARTINEZ v. UNIV. OF N.C.

[223 N.C. App. 428 (2012)]

## B. Failure to state a claim

**[3]** Plaintiff next argues that the trial court erred in dismissing his amended complaint pursuant to 12(b)(6) because the amended complaint adequately pled all elements of a cause of action for breach of contract. We agree.

"The motion to dismiss under N.C.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "The elements of breach of contract are (1) the existence of a valid contract and (2) breach of the terms of the contract." *Long v. Long*, 160 N.C. App. 664, 668, 588 S.E.2d 1, 4 (2003) (quotations and citation omitted).

Here, plaintiff's amended complaint alleged 1) "plaintiff contracted with defendant to receive, upon his return to a full time tenured faculty position, a salary commensurate with salaries paid to other senior tenured faculty members who have retreated from an administrative position" and 2) "[d]efendant breached its contract with plaintiff by failing and refusing to pay plaintiff, upon his return to his full time tenured faculty position, a salary commensurate with . comparable salaries of senior faculty[.]" When viewed as admitted, these allegations state a valid claim for breach of contract. Thus, we conclude that the trial court erred in dismissing plaintiff's complaint pursuant to Rule 12(b)(6).

### III.  Conclusion

In sum, we conclude that the trial court erred in dismissing plaintiff's claim pursuant to Rules 12(b)(1), (2), and (6). We reverse the trial court's order and remand for further proceedings.

Reversed and Remanded.

Judges STROUD and BEASLEY concur.