IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1090

Filed: 31 December 2020

Wake County, No. 18 CVS 10622

RICHARD C. SEMELKA, M.D., Plaintiff-Appellee,

v.

THE UNIVERSITY OF NORTH CAROLINA, a body politic and corporate institution of the State of North Carolina; THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, a constituent institution of the University of North Carolina; CAROL L. FOLT, sued in her individual and official capacities; JAMES WARREN DEAN, JR., sued in his individual and official capacities; WILLIAM L. ROPER, sued in his individual and official capacities; ARVIL WESLEY BURKS, JR., sued in his official and individual capacities; and MATTHEW A. MAURO, sued in his individual and official capacities, Defendants-Appellants.

Appeal by Defendants from order entered 19 June 2019 by Judge G. Bryan Collins, Jr., in Superior Court, Wake County. Heard in the Court of Appeals 8 September 2020.

> *Bailey & Dixon, LLP, by J. Heydt Philbeck, Sr., and Law Office of Mark L. Hayes, by Mark L. Hayes, for Plaintiff-Appellee.*
>
> *Joshua H. Stein, Attorney General, by Special Deputy Attorney General Vanessa N. Totten, Special Deputy Attorney General Kimberly D. Potter, and Assistant Attorney General Zachary Padget, for Defendants-Appellants.*

McGEE, Chief Judge.

The University of North Carolina ("UNC"), The University of North Carolina at Chapel Hill ("UNC-CH"), Carol L. Folt, James Warren Dean, Jr., William L. Roper, Arvil Wesley Burks, Jr., and Matthew A. Mauro (collectively, "Defendants") appeal

from the trial court's 19 June 2019 order denying their motion to dismiss for improper venue, or, alternatively, to transfer from Superior Court in Wake County, North Carolina to Superior Court in Orange County, North Carolina. We vacate the trial court's order and remand with instructions to transfer this action to Superior Court, Orange County.

## I.    Factual and Procedural History

Richard C. Semelka, M.D. ("Plaintiff") was formerly employed as a tenured professor at UNC-CH's School of Medicine. Plaintiff was dismissed from his employment on 9 June 2017 for allegedly exhibiting a "pattern of dishonesty[,]" including, but not limited to, requesting reimbursement for non-reimbursable expenses. After exhausting the administrative remedies available under the Administrative Procedures Act, N.C. Gen. Stat. § 150B–1 *et seq.*, Plaintiff filed a "Petition for Judicial Review" in Superior Court, Orange County, requesting review of the dismissal decision by the UNC Board of Governors.[1] The trial court entered an order affirming the UNC Board of Governors' decision to discharge Plaintiff on 25 April 2019, and that appeal is presently pending before this Court (COA19-1076).[2]

Plaintiff filed a complaint in Superior Court, Orange County (the "Orange County complaint") on 11 January 2018, alleging that his termination was retaliatory

---

[1] In the Petition for Judicial Review, Plaintiff alleged that UNC has a "principal office in Orange County[.]"

[2] In the parallel case (COA19-1076), UNC and UNC-CH filed a cross-appeal of certain issues, as well.

in violation of the North Carolina Whistleblower Act, N.C. Gen. Stat. § 126-84 *et seq*.[3] Defendants moved to dismiss Plaintiff's claims; however, on 10 August 2018, the day before the scheduled hearing on Defendants' motion, a voluntary dismissal of the Orange County complaint was filed. Two weeks later, Plaintiff filed a complaint on 24 August 2018 in Superior Court, Wake County (the "Wake County complaint") alleging again that his termination was retaliatory in violation of the North Carolina Whistleblower Protection Act, N.C. Gen. Stat. § 126-84 *et seq*. The Wake County complaint named the same Defendants and included the same fundamental causes of action as the Orange County complaint.

Defendants filed a motion to dismiss the Wake County complaint pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) on 28 September 2018, asserting: "Plaintiff has filed this case in Wake County, which is an improper venue. Orange County is the County of proper venue in this matter, and therefore Plaintiff's Complaint should be dismissed for improper venue pursuant to Rule 12(b)(3) of the N.C. Rules of Civil Procedure and N.C. Gen. Stat. §§ 1-77(2), 1-82, 1-83(1)." Defendants asked the trial court to dismiss the Wake County complaint in its entirety and for "such other relief as the Court deems proper[.]" At a hearing on 2 May 2019, the parties argued whether venue was proper in Wake County, or,

---

[3] In regard to venue, the Orange County complaint alleges: all individual Defendants reside in Orange County; UNC-CH "is located in Orange County, North Carolina[;]" UNC "has a principal place of business in Orange County, North Carolina[;]" and the cause of action "occurred in Orange County, North Carolina."

alternatively, whether the case should be transferred to Orange County—or dismissed without prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(3). The trial court treated Defendants' motion to dismiss as a request for change of venue and stated the following: "Since this is a case of first impression, I'm going to give the Plaintiff the benefit of the doubt and find that Wake County is a proper venue for this case. Barely."

The trial court entered a written order denying Defendants' motion to dismiss in its entirety on 19 June 2019. Defendants appeal.

## II. **Discussion**

Defendants argue that the trial court erred by denying their motion to dismiss and contend that this "case must be remanded to Wake County Superior Court with instructions to dismiss this case or, in the alternative, to transfer this case to Orange County Superior Court." Specifically, Defendants argue that under N.C. Gen. Stat. § 1-77, venue in Wake County is improper because the individual Defendants "are public officials, and [because] the alleged cause of action in this case arose in Orange County[.]" Alternatively, Defendants assert that this case is governed by N.C. Gen. Stat. § 1-82 (2019) as "no party to this action resides in Wake County."

Because Defendants have a statutory right to a legally proper venue and because the interlocutory order below had an effect on this "substantial right," this appeal is properly before this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(3)(a)

(2019). *See* N.C.R. App. P. 3(a) (2020); *see also Stokes v. Stokes*, 371 N.C. 770, 773, 821 S.E.2d 161, 164 (2018) (citations omitted) ("An interlocutory order changing venue as of right affects a substantial right and thus is immediately appealable."); *Caldwell v. Smith*, 203 N.C. App. 725, 727, 692 S.E.2d 483, 484 (2010) (citations omitted) ("The denial of a motion for change of venue, though interlocutory, affects a substantial right and is immediately appealable where the county designated in the complaint is not proper.").

### A.     <u>Waiver</u>

Plaintiff first contends that Defendants failed to preserve, and thus waived, their argument that N.C. Gen. Stat. § 1-77 is the controlling venue provision.

Defendants filed a motion to dismiss Plaintiff's Wake County complaint on multiple grounds, including improper venue pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) (2019). In support thereof, as discussed *supra*, Defendants argued that venue in Wake County was improper pursuant to "N.C. Gen. Stat. §§ 1-77(2), 1-82, 1-83(1)[,]" thereby specifically raising N.C. Gen. Stat. § 1-77 in their motion to dismiss. In addition to Defendants' motion specifically stating venue in Wake County was improper based on N.C. Gen. Stat. § 1-77(2), at the 2 May 2019 hearing, defense counsel clarified that Defendants "moved to dismiss on improper venue based [on] . . . venue statutes [N.C. Gen. Stat. §] 1-77 as well as [N.C. Gen. Stat. §] 1-82." Defendants expressly contended that N.C. Gen. Stat. § 1-77 governs the issue in this

case, "[b]ut in the alternative . . . it should be addressed by [N.C. Gen. Stat. §] 1-82[.]"

Thus, Plaintiff's contention that Defendants abandoned their argument regarding

N.C. Gen. Stat. § 1-77 (or N.C. Gen. Stat. § 1-82) is without merit.

## B.    <u>Venue</u>

Defendants argue that venue in Wake County is improper under N.C. Gen.

Stat. § 1-77 or, in the alternative, under N.C. Gen. Stat. § 1-82.

Regarding legally improper venues, N.C. Gen. Stat. § 1-83 provides the

following:

> If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.
>
> The court may change the place of trial in the following cases:
>
> > (1) When the county designated for that purpose is not the proper one.
> >
> > (2) When the convenience of witnesses and the ends of justice would be promoted by the change.
> >
> > (3) When the judge has, at any time, been interested as party or counsel.
> >
> > (4) When motion is made by the plaintiff and the action is for divorce and the defendant has not been personally served with summons.

N.C. Gen. Stat. § 1-83(1)-(4) (2019). As this Court has stated, "[d]espite the use of the word 'may,' it is well established that 'the trial court has no discretion in ordering a change of venue if demand is properly made and it appears that the action has been brought in the wrong county.' " *Stern v. Cinoman*, 221 N.C. App. 231, 232, 728 S.E.2d 373, 374 (2012) (quoting *Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975)). This Court reviews determinations of venue under N.C. Gen. Stat. § 1-83(1) *de novo*. *Id.* (citations omitted).

Under the specific facts of this case, we hold that N.C. Gen. Stat. § 1-82 controls. This statute provides that cases not covered by more specific venue statutes "must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at [the] commencement[]" of the action. N.C. Gen. Stat. § 1-82 (2019). The Wake County complaint—which is basically a carbon copy of the Orange County complaint—alleges that Plaintiff himself is a resident of Orange County and that Defendants UNC-CH, Folt, Dean, Roper, Burks, and Mauro resided in Orange County at all times relevant to this case. Plaintiff nonetheless argues that venue is proper in Wake County because "UNC resides in Wake County and venue is proper there." Plaintiff contends that "UNC's corporate body is more akin to a starfish than a person, with each constituent institution a co-equal arm." Employing this logic, Plaintiff maintains that an action against any institution under the "UNC umbrella" may be filed in any county in which one of its sixteen constituents has a "principal

office" or "wherever it maintains a business presence." Indeed, Plaintiff alleged in his Petition for Judicial Review, filed in Orange County, that UNC is "capable to be sued in all courts whatsoever . . . ." Plaintiff proffers no authority to support these positions.[4]

The "University of North Carolina is a public, multicampus university dedicated to the service of North Carolina and its people. It encompasses the 16 diverse constituent institutions and other educational, research, and public service organizations." N.C. Gen. Stat. § 116-1(b) (2019). UNC is an "agency of the State[.]" *Martinez v. Univ. of N. Carolina*, 223 N.C. App. 428, 431, 741 S.E.2d 330, 332 (2012); *Appeal of Univ. of N. Carolina*, 300 N.C. 563, 572, 268 S.E.2d 472, 478 (1980). Moreover, UNC is "located" for venue purposes in Orange County. *See generally Willingham v. Univ. of N. Carolina*, No. 5:14-CV-432, 2014 WL 6606578, at \*2 (E.D.N.C. Nov. 19, 2014) (noting that all parties to an action brought against UNC— including many of the same Defendants named in this case—are located in Orange County for venue purposes). Moreover, in the Orange County complaint, Plaintiff acknowledged that "UNC has a principal place of business in Orange County, North

---

[4] We do not reach Plaintiff's argument that N.C. Gen. Stat. § 1-79 governs this case as Plaintiff provides no support for the proposition that UNC (or any other Defendant) is a "domestic corporation" under N.C. Gen. Stat. § 1-79 (2019) or N.C. Gen. Stat. § 55-1-40(4) (2019) (defining "corporation" and "domestic corporation" under the North Carolina Business Corporation Act). Moreover, Plaintiff does not identify UNC (or any other Defendant) as a domestic corporation in the *unverified* Wake County complaint. *See generally Kiker v. Winfield*, 234 N.C. App. 363, 365, 759 S.E.2d 372, 373 (2014), *aff'd*, 368 N.C. 33, 769 S.E.2d 837 (2015) (holding that allegations in unverified complaint were insufficient to establish venue).

Carolina." Also, Plaintiff concedes that, under N.C. Gen. Stat. § 1-82, venue is proper wherever UNC has a "principal office." Accordingly, because Plaintiff filed suit against an agency of the State, which is located in Orange County, and public officers associated therewith, and because all parties resided in Orange County for venue purposes at the time of the commencement of Plaintiff's suit, this matter should be adjudicated in Superior Court, Orange County. *Smith v. State*, 289 N.C. 303, 334, 222 S.E.2d 412, 432 (1976) ("[N.C. Gen. Stat. §] 1-77, however, does not apply to actions against the State . . . . This case, therefore, is governed by [N.C. Gen. Stat. §] 1-82 . . . . We recognize that there may be reasons why any action against the State should be brought in Wake County, where its capital is located. If so, the General Assembly will undoubtedly so provide."). "While a party has a right to a legally proper venue, a party does not have a right to a preferred venue." *Stokes v. Stokes*, 371 N.C. 770, 774, 821 S.E.2d 161, 164 (2018).

"[W]hen an action is instituted in the wrong county, the Superior Court should, upon apt motion, remove the action, not dismiss it." *Coats v. Sampson Cty. Mem'l Hosp., Inc.*, 264 N.C. 332, 335, 141 S.E.2d 490, 492 (1965) (citations omitted). Accordingly, we decline Defendants' invitation to dismiss this action outright; rather, under the facts of this case, the matter shall be transferred to the proper venue–Superior Court, Orange County.

### III. Conclusion

For the foregoing reasons, we vacate the trial court's 19 June 2019 order and remand to Superior Court, Wake County with instructions to transfer this action to Superior Court, Orange County.

VACATED AND REMANDED.

Judges DIETZ and HAMPSON concur.