IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-532

Filed 4 February 2026

Watauga County, No. 24CVS000506-940

VALLE CAY PROPERTY OWNERS ASSOCIATION, INC., Plaintiff,

v.

SLOCUM MOUNTAIN REAL ESTATE, LLC, BENJAMIN SLOCUM, and KAREN SLOCUM, Defendants.

Appeal by Plaintiff from order entered 4 March 2025 by Judge Daniel A. Kuehnert in Watauga County Superior Court. Heard in the Court of Appeals 29 October 2025.

> *Eggers, Eggers, Eggers, & Eggers, PLLC, by Joseph T. Petrack and Stacy C. Eggers, IV, for Plaintiff-Appellant.*
>
> *Bell, Davis & Pitt, P.A., by R. Jeremy Sugg and Marc E. Gustafson, for Defendants-Appellees.*

GRIFFIN, Judge.

Plaintiff Valle Cay Property Owners Association, Inc., appeals from the trial court's order dismissing Plaintiff's complaint for failing to state a claim upon which relief may be granted. Plaintiff contends the trial court erred in granting the motion to dismiss because Plaintiff alleges it sufficiently stated a breach of contract claim. We affirm the trial court's order for Defendants Benjamin Slocum and Karen Slocum. However, we reverse and remand the trial court's order for Defendant Slocum Mountain Real Estate, LLC.

## I.    Factual and Procedural Background

Defendant Slocum Mountain Real Estate, LLC owns a tract of land in Vilas, Watauga County, North Carolina (the "Farmhouse Tract").  Plaintiff is the property owners association for Valle Cay Development ("Valle Cay").

On 15 May 1987, Appster Properties acquired a 250.234-acre tract of land (the "Appster Property") by deed.  Seven months later, Appster Properties imposed and recorded a "Declaration of Covenants, Conditions and Restrictions for Valle Cay" ("Covenants") with the Watauga County Register of Deeds.  As a result of the Covenants, Plaintiff formed.

In years following, Appster Properties conveyed multiple tracts of the Appster Property.  For example, Appster Properties deeded the Farmhouse Tract to the Loflin Family via multiple deeds for distinctive acres.  Other tracts of the Appster Property became the Valle Cay.

In 2002, Plaintiff filed suit to identify which parcels of land from the initial Appster Property were subject to the Covenants.  Plaintiff, Appster Properties, and the Loflins, along with additional parties, made such determinations in a Memorandum of Settlement and then adopted those identifications by filing a Consent Judgment in the Superior Court of Watauga County.  In their settlement, the parties agreed while "[the Farmhouse Tract] is a part of Valle Cay, it shall be released from and shall not be considered a part of Valle Cay Development subject to the [Covenants] . . . but only subject to the specific restrictions" of the Memorandum

of Settlement. Further, the Consent Judgment stated the "terms of this Consent Judgment shall bind the parties hereto, their heirs, successors, and assigns."

On 1 October 2003, the Loflins conveyed the Farmhouse Tract to Frank and Gaye Lopez-Luaces. Per their agreement, the Loflins and Lopez-Luaces subjected the Farmhouse Tract to specific restrictions within the Consent Judgment. Almost twenty years later, Frank and Gaye Lopez-Luaces conveyed the Farmhouse Tract by deed to Defendant Slocum Mountain Real Estate, LLC. This deed states that this "conveyance is made subject to the terms and provisions of that certain Memorandum of Settlement." Further, the deed advises,

> By acceptance of this deed, [Defendant Slocum Mountain Real Estate, LLC], their heirs, successors and assigns, hereby acknowledge that Grantors are making no representations or warranties with respect to what proposed non-residential uses on the above-described property would be permitted or prohibited under the terms and provisions of said Memorandum of Settlement.

On 2 December 2024, Plaintiff filed a complaint against Defendants for breach of contract and injunctive relief in the use of the Farmhouse Tract. Plaintiff alleges Defendants managed an inn on the Farmhouse Tract in 2022, but later changed the property use to engage a vacation rental management company to manage short-term rentals there. Thus, Plaintiff argues, Defendants both failed to present Plaintiff with the new proposed use and to reside on the Farmhouse Tract at all, which were restriction terms within the Memorandum of Settlement. Therefore, Plaintiff claims Defendants breached the Memorandum of Settlement and Consent Judgment.

In response to Plaintiff's complaint, Defendants filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. The trial court granted Defendants' 12(b)(6) motion to dismiss. Plaintiff timely appeals.

## II. Analysis

Plaintiff alleges it sufficiently stated a claim upon which relief may be granted and the trial court erred in granting the motion to dismiss.

This Court reviews an order granting a motion to dismiss under Rule 12(b)(6) de novo. *Jessey Sports, LLC v. Intercollegiate Men's Lacrosse Coaches Ass'n, Inc.*, 289 N.C. App. 166, 169, 888 S.E.2d 677, 680 (2023) (citation omitted). We must determine whether the allegations within the complaint, when treated as true and in the light most favorable to the plaintiff, sufficiently state a claim upon which relief may be granted under the law. *Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679, 878 S.E.2d 798, 800 (2022) (citation omitted); *Ford v. McCain*, 192 N.C. App. 667, 674, 666 S.E.2d 153, 158 (2008) (citation omitted). Yet, North Carolina courts do not need to accept allegations as true when they are "'merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Moch v. A.M. Pappas & Assocs., LLC,* 251 N.C. App. 198, 206, 794 S.E.2d 898, 903 (2016) (citation omitted). Dismissal under Rule 12(b)(6) is proper if (1) the complaint on its face reveals no law supports the claim, (2) the complaint on its face reveals a lack of facts sufficient to support a good claim, or (3) the complaint discloses a fact that defeats the claim. *Wilson v. SunTrust Bank*, 257 N.C. App. 237, 244, 809 S.E.2d 286, 292 (2017) (citation omitted).

Generally, North Carolina courts enforce restrictive covenants akin to a valid contractual relationship. *Bodine v. Harris Vill. Prop. Owners Ass'n, Inc.*, 207 N.C. App. 52, 60, 699 S.E.2d 129, 135 (2010) (citations omitted). The elements of a breach of contract claim are (1) existence of a valid contract and (2) breach of the contract's terms. *Martinez v. Univ. of North Carolina*, 223 N.C. App. 428, 432, 741 S.E.2d 330, 332 (2012) (citation omitted). A complaint alleging a general warranty deed and breach of such deed may sufficiently state a claim for breach of covenant against encumbrances. *See War Eagle, Inc. v. Belair*, 204 N.C. App. 548, 552–53, 694 S.E.2d 497, 500–01 (2010). "'When documents are attached to and incorporated into a complaint, they become part of the complaint and may be considered in connection with a Rule 12(b)(6) motion without converting it into a motion for summary judgment.'" *Moch,* 251 N.C. App. at 206, 794 S.E.2d at 903 (citation omitted). Furthermore, when "reviewing pleadings with documentary attachments on a Rule 12(b)(6) motion, the actual content of the documents controls, not the allegations contained in the pleadings.'" *Id.*

Property use restrictions "may be classified as either personal covenants or real covenants that are said to run with the land." *Runyon v. Paley*, 331 N.C. 293, 299, 416 S.E.2d 177, 182 (1992) (citation omitted). A personal covenant creates a right only enforceable between the original covenanting parties. *Id.* Conversely, "a real covenant creates a servitude upon the land subject to the covenant ('the servient estate') for the benefit of another parcel of land ('the dominant estate')." *Id.* In other

words, a dominant estate owner may enforce, at law or in equity, a real covenant against the servient estate owner, even if the owners are not the original covenanting parties or successors in interest. *Id*. at 299, 416 S.E.2d at 182–83.

A restrictive real covenant runs with the land when "(1) the subject of the covenant touches and concerns the land, (2) there is privity of estate between the party enforcing the covenant and the party against whom the covenant is being enforced, and (3) the original covenanting parties intended the benefits and the burdens of the covenant to run with the land." *Id*. at 299–300, 416 S.E.2d at 183 (citations omitted). Additionally, a restrictive covenant is not enforceable against a subsequent purchaser of a servient estate when an instrument in the chain of title lacks notice of such a covenant. *Id*. at 313, 416 S.E.2d at 191.

For a covenant to touch and concern the land, it must "'affect the legal rights of the covenanting parties as landowners.'" *Prevette v. Elsner*, 298 N.C. App. 720, 725, 917 S.E.2d 275, 281 (2025) (citation omitted). For instance, a covenant touches and concerns the land when it impacts the use and enjoyment of the land such that it affects its value. *Id.* Yet, a covenant does not need to physically affect the land to touch and concern it. *Id.*

To satisfy the privity requirement for a real covenant that runs with the land, there must be both horizontal and vertical privity. *Cunningham v. City of Greensboro*, 212 N.C. App. 86, 97, 711 S.E.2d 477, 485 (2011) (citation omitted). Vertical privity is shown by a "succession in interest between the original covenanting

parties and the current owners of the dominant and servient estates." *Runyon*, 331 N.C. at 302, 416 S.E.2d at 184. To demonstrate horizontal privity, the party wanting to enforce the covenant must show "'some "connection of interest" between the original covenanting parties,'" such as a conveyance of an estate in land. *Cunningham*, 212 N.C. App. at 97, 711 S.E.2d at 485 (citation omitted). Being signatories to an original consent judgment or the signatories' successors in interest may satisfy horizontal privity. *Wein II, LLC v. Porter*, 198 N.C. App. 472, 486, 683 S.E.2d 707, 717 (2009).

In analyzing whether the original covenanting parties intended the benefits and the burdens of the covenant to run with the land, we apply principles of contract construction. *Runyon*, 331 N.C. at 305, 416 S.E.2d at 186. Thus, this Court ascertains intent from the deed or other instruments that created the restrictions. *Id.* (citation omitted).

In North Carolina, actual knowledge is insufficient to bind a purchaser with notice of a restrictive covenant's existence. *Id.* at 313, 416 S.E.2d at 191 (citation omitted). If a restrictive covenant is in a separate instrument from the deed in the chain of title *and* is not referred to in such deed, a purchaser does not have constructive notice of the restrictive covenant. *Id.* (citation omitted) (emphasis added); *Gouch v. Rotunno*, 291 N.C. App. 7, 11, 893 S.E.2d 551, 555 (2023) (citation omitted). However, "'if a proper search of the public records would have revealed'" the existence of a restriction, a purchaser is chargeable with notice of the restriction

as it is presumed he or she "'examined each recorded deed or instrument in his line of title.'" *Gouch*, 291 N.C. App. at 11, 893 S.E.2d at 555 (citation omitted). Thus, "a purchaser 'has constructive notice of all duly recorded documents that a proper examination of the title should reveal.'" *Id.* (citation omitted).

Here, Defendants Benjamin and Karen Slocum are not owners of the Farmhouse Tract, and their names do not appear in the Farmhouse Tract deed. Thus, Plaintiff may not enforce a real covenant upon them as real covenants may only be enforced upon servient estate *owners*. Consequently, we affirm the trial court's granting of the Rule 12(b)(6) motion as to both Benjamin and Karen Slocum in their individual capacities.

Instead, Defendant Slocum Mountain Real Estate, LLC owns the Farmhouse Tract. Defendants argue that since the complaint failed to identify a dominant estate and describe how such estate was affected by the covenants, the covenants do not touch and concern the land. However, Defendants incorrectly assume such a pleading requirement. As North Carolina courts treat restrictive covenants like contracts, Plaintiff's complaint alleging the Slocum general warranty deed and breach of such deed may sufficiently state a claim for breach of the covenants against encumbrances. *War Eagle, Inc.*, 204 N.C. App. at 552–53, 694 S.E.2d at 500–01. Furthermore, since the actual content of documentary attachments to the complaint control, the attached deed, Memorandum of Settlement, and Consent Judgment may be considered in support of Plaintiff. Since the covenants impact the use of the Farmhouse Tract

which may affect its value, such covenants may touch and concern the Farmhouse Tract, when viewed in the light most favorable to Plaintiff.

Defendants further contend the restrictive covenants are not enforceable because there is no horizontal privity between the covenanting parties. However, Plaintiff claims it has horizontal privity because Plaintiff and the Loflins were signatories to the Consent Judgment. *Wein II, LLC*, 198 N.C. App. at 486, 683 S.E.2d at 717. And Defendant Slocum Mountain Real Estate, LLC is the successor in interest to the Loflins, who were signatories. Therefore, in the light most favorable to it, Plaintiff may satisfy the horizontal privity requirement even if there was not a conveyance of estate in land.

Defendants assert the covenanting parties did not intend to bind subsequent purchasers. Despite instances where it could be viewed that the covenanting parties did not intend to bind subsequent purchasers, we must view the allegations in the light most favorable to Plaintiff. The Consent Judgment states the "terms of this Consent Judgment shall bind the parties hereto, their heirs, successors, and assigns." As ascertained from the instrument, such language supports that the covenanting parties intended to bind subsequent purchasers.

The Farmhouse Tract deed lacks reference to the Consent Judgment, but is explicitly subject to the Memorandum of Settlement restrictions. In other words, the Farmhouse Tract deed does refer to the Memorandum of Settlement, adopted by the Consent Judgment filing in the Superior Court of Watauga County. So, although the

applicable covenants are within a separate instrument, they are still referenced in the deed. Additionally, in the light most favorable to Plaintiff, a proper search of public records would have likely revealed the existence of the covenants; therefore, Defendant Slocum Mountain Real Estate, LLC may be chargeable with notice.

Plaintiff sufficiently stated a claim upon which relief may be granted against Defendant Slocum Mountain Real Estate, LLC.

### III.    Conclusion

The trial court did not err in granting the motion to dismiss with respect to Defendants Benjamin and Karen Slocum. However, the trial court erred in dismissing Plaintiff's complaint against Defendant Slocum Mountain Real Estate, LLC.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Judges ARROWOOD and GORE concur.